W. S. McCORNICK, RESPONDENT, v. F. A. MANGUM,
JAMES BARTER, SCOTT SUPPLY & TOOL COM-
PANY, A CORPORATION, E. D. R. THOMPSON AND
GEORGE N. LAWRENCE, APPELLANTS.

*Evidence—Substantial Conflict—Finding of Trial Court—When Not
Disturbed.*

> Where there is a substantial conflict in the evidence on the
> only point raised on appeal, the lower court having had an
> opportunity to observe the bearing of the witnesses on the
> stand, their apparent frankness and candor, and manner of
> testifying, its judgment will not be disturbed by the appellate
> court.*

(Decided June 9, 1899.)

Appeal from the Third District Court, Salt Lake County,
Hon. Ogden Hiles, *Judge.*

Action to recover possession of certain notes and con-
tracts, for the appointment of a receiver to collect the
same and to obtain a restraining order against defendants
preventing their collection of the notes and accounts in
their possession. From a judgment for plaintiff defend-
ants appeal. *Affirmed.*

Messrs. *Thompson & Lawrence* and *W. T. Gunter,*
*Esq.*, for appellants.

Messrs. *Pierce, Critchlow* and *Barrette,* for respond-
ent.

---

*Hannaman v. Karrick, 9 Utah, 236; Dooly Block v. Rapid Tran-
sit Co., 9 Utah, 31; Whitesides v. Green, 13 Utah, 341; Henderson v.
Adams, 15 Utah, 30; Watson v. Mayberry, 15 Utah, 265; Blish v.
McCornick, 15 Utah, 188; McKay v. Farr, 15 Utah, 261.*

20 Utah—2.

BARTCH, C. J.

It appears from the record that defendants Mangum and Barter were engaged in business under the firm name of the Western Cycle Company. On August 15, 1898, the firm was indebted to the plaintiff, who was doing business as McCornick & Co., for a certain sum upon an overdraft at the plaintiff's bank. The bank had also guaranteed the account of another company against the Western Cycle Co., for a considerable sum. On the date aforesaid, the plaintiff, becoming dissatisfied with the condition of the firm's bank account, called upon defendant Mangum, who was the managing partner of the firm, to secure the overdraft and guaranty. On the part of the plaintiff it is claimed that thereupon, on the date above mentioned, defendant Mangum, to secure the overdraft and guaranty, transferred and assigned to the plaintiff a large number of accounts, notes and contracts, which the firm had taken from customers from time to time upon sale of bicycles on periodical payments; that one Clarke was designated by the plaintiff, as his agent, to take charge of such accounts, notes and contracts, and to collect them and apply the proceeds under the trust; that Clarke took possession of the same and was proceeding under the trust, when, on August 29, 1898, defendant Mangum wrongfully obtained the notes, converting them to his own use, pledged them to the defendant Scott Supply & Tool Company, as security for his firm's indebtedness to that company; and that the Scott Supply & Tool Co., wrongfully withheld the possession of them from the plaintiff, and have entrusted the same to the defendants Thompson & Lawrence, attorneys, for the purpose of collecting the amounts due thereon.

These things, as claimed by the plaintiff, are denied by

the defendants, and they insist that on August 29, 1898, the defendant Mangum, acting for his firm, duly assigned and transferred all of the accounts and bills receivable of the firm to the defendants Scott Supply & Tool Co., and Thompson & Lawrence to secure indebtedness due from the firm to those defendants.

This suit was brought to recover possession of the notes and contracts; for the appointment of a receiver to collect the same and hold the proceeds pending the litigation; and to restrain the defendant Scott Supply & Tool Co.; and Thompson & Lawrence from collecting the notes and accounts.

At the trial, the issues were found in favor of the plaintiff, and judgment entered accordingly.

The only question presented on this appeal is as to the ownership and right of possession of the notes and accounts—whether they were transferred and delivered to the respondent by the Western Cycle Co.

The appellants insist that defendant Mangum endorsed the notes and accounts, on the eve of his departure from the city, at the suggestion of the respondent, merely for the purpose of facilitating their collection during his absence, and that they were left with Clarke, his employé, in usual course of business.

It is insisted on behalf of respondent that at his request, defendant Mangum, as manager of defendant Cycle Company, endorsed and delivered the notes and accounts to Clarke, as respondent's agent, as security for the overdraft and guaranty and for respondent's use.

As to these contentions there is a substantial conflict in the evidence. Upon conflicting testimony the trial court, having had an opportunity to observe the bearing of the witnesses on the stand, their manner of testifying, and the apparent frankness and candor with which they made

their statements, found all the material issues in favor of the respondent, and it is not shown that there was any oversight or mistake of the court in making the findings and decree.

We have repeatedly held that, under such circumstances we will not disturb the judgment. *Hannaman* v. *Kerrick*, 9 Utah, 236; *Dooly Block* v. *Rapid Transit Co.*, 9 *Id.* 31; *Whitesides* v. *Green*, 13 *Id.* 341; *Henderson* v. *Adams*, 15 *Id.* 30; *Watson* v. *Mayberry*, 15 *Id.* 265; *Blish* v. *McCornick*, 15 *Id.* 188; *McKay* v. *Farr*, 15 *Id.* 261.

No error appearing in the record, the judgment is affirmed, with costs.

MINER, J. and BASKIN, J., concur.