## WILLARD A. WRIGHT *v.* UNION PACIFIC RAIL-ROAD COMPANY.

CHANCE VERDICT. NEW TRIAL—WHEN GRANTED—UNDER SUBD. 2, SEC. 3292 R. S. 1898. RULE THAT FINDINGS WILL NOT BE SET ASIDE BY SUPREME COURT—EXCEPTIONS. FINDINGS—NOT RE-QUIRED ON MOTION FOR NEW TRIAL. AFFIDAVITS—ON MOTION FOR NEW TRIAL—MAY BE REVIEWED ON APPEAL.

*Chance Verdict.*

Where, in an action for damages a verdict is determined by each concurring juror separately fixing the amount to be awarded, then the various amounts being added together and the sum divided by the number of concurring jurors, the verdict is a chance verdict.

*New Trial—When Granted—Under Subd. 2, Sec. 3292 R. S. 1898.*

Under the provisions of Subd. 2, Sec. 3292 R. S. 1898, where it clearly appears by affidavit, that one of the concurring jurors was "induced to assent" to a verdict, "by a resort to the determination of chance," a new trial should be granted.

*Rule that Findings will not be set aside by Supreme Court—Exceptions.*

In case of motions for a new trial supported and resisted by *ex parte* affidavits, and in equity cases where the evidence consists exclusively of depositions, the rule, that the findings of the trial court will not be set aside when the evidence is conflicting unless it is clearly insufficient, does not apply.[1]

*Findings—Not Required on Motion for New Trial.*

The findings of fact, required by the Code of Civil Procedure, are required only in trials on the merits, and findings on a motion for a new trial are not required, neither are they necessary or usual in practice.

*Affidavits — On Motion for New Trial—May be Reviewed on Appeal.*

Affidavits used on motion for a new trial may be reviewed on appeal.[2]

(Decided September 10, 1900.)

Appeal from the Second District Court Weber County. Hon. H. H. Rolapp, *Judge.*

Action by plaintiff to recover damages for personal injuries alleged to have been inflicted through the negligence of defendant company. From a judgment for plaintiff, defendant appealed. *Reversed.*

*Le Grand Young, Esq.*, and *A. W. Agee, Esq.*, for appellant.

---

[1] See *Stevens, etc. Co.* v. *Improvement Co.*, 20 Utah, 267, *Klopenstine* v. *Hays*, 20 Utah, 45; *McCornick* v. *Mangum*, 20 Utah, 17; *Center Creek Co.* v. *Thomas*, 19 Utah, 360; *White* v. *Pease*, 15 Utah, 170, *State* v. *Halford*, 18 Utah, 3; *Saunders* v. *So. Pac Co.*, 15 Utah, 334. Compare *Nelson* v. *Southern Pac. Co.*, 15 Utah, 328; *Mangum* v. *Mining Co.*, 15 Utah, 551.

[2] *White* v. *Pease*, 15 Utah, 172.

The statute (Sec. 3291), provides that "whenever *one* or more of the jurors have been induced to assent to any * * * *verdict,* * * * by a resort to the determination of chance, such misconduct may be proven by the affidavit of any one of the jurors."

An assent to a *verdict* by a resort to chance not to a *previous agreement,* is what is prohibited. Thompson on Trials, Sec. 2602; *Ruble* v. *McDonald,* 7 Iowa, 90; *Johnson* v. *Hubbard,* 22 Kan. 277. See, also, *Ill. Cen. R. Co.* v. *Able,* 159 Ill. 133.

These decisions do not rest upon any statutory provisions. But, as we have said, our statute expressly provided that if the assent of *one* juror is obtained by a resort to chance, the verdict is vitiated. 'Proudfit did assent to the quotient obtained as the verdict, and he says he did this because he had agreed to do so. It can make no difference that his understanding differed from that of others, he understood that all had agreed to do that, and felt bound by the agreement. The verdict was therefore vicious and should have been set aside. *Dixon* v. *Plums,* (Cal.) 33 Pac. Rep. 268; *Ditch Co.* v. *Adam,* (Colo.) 28 Pac. Rep. 662; *Flood* v. *McClure,* (Idaho) 32 Pac. Rep. 254; *Giffen* v. *City* (Idaho), 55 Pac. Rep. 545; *Driver* v. *State,* (Texas) 38 S. W. Rep. 1020; *White* v. *State,* (Texas) 40 S. W. Rep. 783; *Southern R. Co.* v. *Williams,* (Ala.) 21 So. Rep. 328.

*Messrs. Richards and Allison,* for respondent.

It is erroneously claimed that the verdict was a gambling or chance verdict. The facts as shown by the affidavits of five of the eight jurors in the case do not bear out any such suggestion, but clearly establish the contrary to be the fact.

The only question involved in this point is this: Was

any one or more of the jurors induced to assent to the verdict, by a resort to the determination of chance? If so, a new trial could have have been granted. If not, the determination of the trial court was proper.

Whether any juror was so induced to assent is a question of fact for the court to investigate (by proofs) and determine, and the facts so determined cannot be reviewed by this court, especially as it was determined upon evidence more or less conflicting. *Nelson* v. *Southern Pacific Co.*, 15 Utah, 328–329; *Mangum* v. *Mining Co.*, 15 Utah, 551; *Dixon* v. *Pluns*, Cal., 35 Pac., 1030–1031; *Same* v. *Same*, Cal., 33 Pac. 268; *Wamberg* v. *Somps*, Cal., 33 Pac. 341; *Pawnee, etc. Co.* v. *Adams*, Colo., 28 Pac. 662; *Village, etc.*, v. *Crawford*, Neb. 37 N. W. 609; *Parshall* v. *Railway Co.*, 35 Fed. 649.

And to sustain such a verdict but little evidence is required. *Pawnee, etc. Co.* v. *Adams*; 12 Enc. Pl. & Pr. 552, 559; Colo. 28 Pac., 663.

BASKIN, J.

Six of the eight jurors in this case returned a verdict in favor of the respondent for $6,242.50, and a judgment for that sum with costs was rendered against the appellant in favor of respondent. The appellant moved for a new trial. Two of the grounds of the motion were as follows:

1. " That the verdict was obtained by resorting to chance."

2. "That the verdict is excessive."

The trial court ordered "that a new trial be granted unless within ten days the plaintiff shall reduce and remit the verdict to the sum of $4,000; and upon such remission within the time limited herein being made by plaintiff the motion for a new trial shall be and is hereby overruled."

Within the time limited the plaintiff, by his attorneys,

in open court, remitted all of the verdict above $4,000.00, and reduced the judgment to that sum.    The defendant duly excepted and appealed from the final judgment.

It appears from the affidavits of the respective parties to the action, read at the hearing of the motion, that of the eight jurors two of them opposed finding any verdict whatever for the respondent; that the other six having concurred in finding for the respondent, but after numerous trials having failed to agree upon the amount of the damages, "it was proposed by one of the jurors that each juror should write on a slip of paper the amount he favored assessing as damages, and that all such amounts should be added together and divided by six, the number of the agreeing jurors.    This was agreed to and accordingly done.    One of the dissenting jurors preserved the slips, and by exhibits made them a part of his affidavit. The respective amounts written on each slip was as follows: $7,500, $10,000, $3,000, $7,955, $1,000, and $8,000. The sum of these amounts is $37,455, which divided by six gives a quotient of $6,242.50, the amount named in the verdict.    Both of the parties concede the existence of the foregoing facts, but five of the six jurors, in an affidavit made by them, severally aver that while the foregoing agreement was made and carried out as hereinbefore stated, no agreement was made that the quotient, whatever it might be, should be the measure of plaintiff's damages, and a verdict for that amount returned; that it was agreed and was the understanding of the six jurors that no juror should feel bound to accept or agree to the amount so arrived at as the verdict in the case, but should feel perfectly free to advocate any other amount.

On the other hand, three of the jurors, one of whom, A. J. Proudfit, was one of the six jurors who signed and returned the verdict, as positively aver in their separate

affidavits that it was agreed and so understood that the amount so arrived at should be assessed as damages, and a verdict returned accordingly. A. J. Proudfit, in an affidavit, counter to that made by the other five jurors who joined with him in the verdict, deposed, as follows:

"Affiant says that as far as he was concerned, he heard nothing whatever said to the effect that no juror should be bound to accept or agree to the amount found by the addition and division described in his former affidavit, nor was there any agreement that each juror should feel free to advocate or favor any other amount, after such amount had been ascertained as aforesaid. On the contrary, before any ballot was taken, each juror agreed to abide by the result of such addition and division. With that understanding, affiant agreed to sign the verdict believing in good faith in the agreement made before the ballot was taken."

The addition and division referred to in this counter affidavit was stated by affiant in his former affidavit, as follows: "Before any ballot had been taken, it was agreed between all of said agreeing jurors that the verdict should be arrived at in the following manner: Each one of said jurors should write on a slip of paper the amount which he thought plaintiff ought to recover, and then deposit said slip in a hat, and the several sums so written down should then be added together and the total divided by six, and the quotient or sum obtained by such division should be returned as the amount of the verdict."

The affidavits filed in support of the motion for a new trial, and those filed in opposition thereto, disclose the fact that the verdict was not the result of the deliberate and untrammeled judgment and action of the jury, but was determined by the chance result of the methods resorted to. There is no doubt that Proudfit joined in the

verdict only because he understood that he and the other concurring jurors had agreed and were bound to return a verdict for the amount which the method agreed upon should determine.

One of the causes for which a new trial may be granted is that prescribed in subdivision 2, Sec. 3292, R. S., as follows:

"Misconduct of the jury, and whenever any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to a determination of chance, such misconduct may be proved by the affidavit of any one of the jurors."

As it is clearly disclosed by the affidavits that at least one of the concurring jurors was "induced to assent" to the verdict "by a resort to the determination of chance" a new trial should have been granted.

The amount which Proudfit, one of the concurring jurors, wrote upon one of the slips of paper was $1000.00. The judgment was not remitted to this amount, and therefore did not cure the defect in the verdict.

The trial court found that the verdict was not a chance verdict, and it is claimed by respondent's counsel that as the affidavits are conflicting, this finding is conclusive, and quotes in support of this contention the case of *Nelson* v. *Southern Pacific*, 15 Utah, 328, and *Mangum* v. *Mining Co.*, 15 Utah, 551. These cases have no application whatever to motions for a new trial, and are applicable only to trials by jury, or by the court when a jury is not demanded.

This court has frequently held that even on appeals in equity cases notwithstanding both questions of law and facts are subject to review, the findings of the trial court will not be set aside when the evidence is conflicting, un-

less the evidence is clearly insufficient. *Stevens Impl. Co.* v. *South Ogden Land, B. & I Co.*, — Utah —; 58 Pac. 846; *Klopenstine* v. *Hays*, 20 Utah, 45, 57 Pac. Rep. 712; *McCornick* v. *Mangum, et al.*, 20 Utah, 17, 57 Pac. Rep. 428; *Center Creek Water Co.* v. *Thomas*, 19 Utah, 360, and numerous other cases cited in foregoing decisions. All of these cases relate to findings in trials on the merits, and the reason on which they are based has no application whatever to motions for new trials. In a trial on the merits the witnesses are subject to cross-examination, and being in view of the trial judge or referee he has a better opportunity to judge of their credibility than the appellate court. On a motion for a new trial, supported and resisted, as in the case at bar, on *ex parte* affidavits, those making the affidavits are not subject to cross-examination, and not being before the trial judge his opportunity to judge of their credibility, and the weight of their statements, is no better than the appellate court. In all such cases and in equity cases where the evidence consists exclusively of depositions, the reason upon which the decisions quoted are based fails, and the rule established by them has no application to such cases. *White* v. *Pease*, 15 Utah, 170; *State* v. *Halford*, 18 Utah, 3; *Saunders* v. *So. Pac. Co.*, 15 Utah, 334.

Again the findings of fact required by the Code of Civil Procedure, evidently, are applicable only to trials on the merits. Findings of fact on a motion for a new trial, are not required, nor are they necessary or usual in practice.

This court, in *White* v. *Pease*, 15 Utah, 172, held that affidavits used on a motion for a new trial may be reviewed on appeal. This has been the uniform practice in this court.

It is ordered that the judgment be reversed, and the case be remanded to the court below with directions to

grant a new trial, and that the respondent pay the costs.

BARTCH, C. J., and MINER, J., concur.