## FISSURE MINING COMPANY, Appellant, *v.* OLD. SUSAN MINING COMPANY, Respondent.

Evidence—Sufficient to Support Findings—Determination of Trial Court—When not Disturbed—Mining Claims—Consolidation—For Development—Work on One for Benefit of All—Sec. 2324 R. S. U. S.—Tunnel Location—Sec. 2323 R. S. U. S.—Discovery and Development—Abandonment—Effect of—Practice—Witnesses—Cross-Examination—Scope of—Notice of Location of Mining Claim—Description of Ground—Sufficiency of Tie.

*Evidence—Sufficient to Support Findings—Determination of Trial Court—When Not Disturbed.*

Where there is evidence to support the findings, the weight of such evidence being within the province of the trial court, its determination thereof will not be disturbed on appeal unless manifestly erroneous.

*Mining Claims—Consolidation—For Development—Work on One for Benefit of All—Sec. 2324 R. S. U. S.*

Where the testimony tends to show that respondent's mining claims were consolidated or worked for development purposes; that work on the tunnel and shafts was done to apply on the respective claims; that respondent had an interest in all of these claims, and that the development work was a benefit to all the claims, the testimony is sufficient to sustain the finding that the work done in the tunnel and shafts was beneficial to respondent's claims, under the provisions of Sec. 2324 R. S. U. S.[1]

*Tunnel Location—Sec. 2323 R. S. U. S.—Discovery and Development—Abandonment—Effect of.*

The provisions of Sec. 2323 R. S. U. S. and the privilege granted thereby apply to one who locates a tunnel for discovery purposes as well as for development purposes, but failure to prosecute work on such a tunnel for six months works an

[1] *Wilson* v. *Triumph Mining Co.*, 19 Utah 66.

abandonment of the right to all undiscovered veins on the line of such tunnel, and the owner of such tunnel is not en titled to a blind vein subsequently discovered, but only to the bore of the tunnel and a space of surface ground 50 feet on each side of the mouth of the tunnel and 100 feet extending in front thereof, for dumping purposes.

*Practice—Witnesses—Cross-Examination—Scope of.*

A party has a right upon cross-examination to draw out anything which would tend to contradict, weaken, modify or explain the evidence given by the witness on his direct examination, or any inference that may result from it tending to support, in any degree, the opposite side of the case.[1]

*Notice of Location of Mining Claim—Description of Ground—Sufficiency of Tie.*

The construction of a notice for a mining location should be liberal and not technical, and the sufficiency of a notice with reference to natural monuments or permanent objects is a question of fact.[2]

(Decided Dec. 3, 1900.)

(Rehearing denied Dec. 26, 1900.)

Appeal from the Fifth District Court Juab County. Hon. E. V. Higgins, *Judge.*

Action to determine an adverse right to certain mining ground. From a judgment for defendant, plaintiff appealed. *Affirmed.*

*J. H. Moyle, Esq.* and *D. H. Wells, Esq.*, for appellant.

The location of the General Sheridan tunnel was not made in accordance with the law. 1 Lindley on Mines, Secs. 472, 475; Land Office Regulations, 20–26; 2 Lindley on Mines, p. 1189.

[1] *Cahoon* v. *West*, 20 Utah, 73.

[2] *Wilson* v. *Triumph Co., supra; Farmington Co.* v. *Rhymney Co.*, 20 Utah, 363, 58 P. 832.

The only tie in the Franklin notice is to the Clift, and the only reference in the Clift notice to any natural object or permanent monument is as follows: "This claim shall be known as the Clift Mining Claim and was known as the Susan Ledge, about two miles south of Diamond." This is insufficient in law. U. S. Revised Statutes, Sec. 2324; *Darger* v. *Le Sieur*, 8 Utah, 160; *Drummond* v. *Long*, 13 Pac. 543.

Work has never been prosecuted on the General Sheridan tunnel site with reasonable diligence and the exemption from annual labor laws of 1893' and 1894 did not apply to tunnel sites.

There is no such thing as resumption of work on an abandoned claim or tunnel; the effects of abandonment can only be cured by a valid relocation. Lindley on Mines, Sec. 643.

The tunnel site law is designed to encourage hazardous and conjectural exploration, and its rewards are deemed commensurate with the diligence required. *Enterprise M. Co.* v. *Rico Aspen Coms. M. Co.*, 66 Federal Rep. 201. See Judge Lindley's comment in his book on Mines at Sec. 488.

The law itself only gives the tunnel locator the right to veins "not previously known to exist." *Enterprise M. Co.* v. *Rico Aspen Com. M. Co.*, 167 U. S. pp. 113–4.

The construction of the law contended for by respondent would permit a mere tunnel to tie up the public domain to a monopolistic extent, and the law abhors a monopoly as much or even more than a forfeiture. Lindley, Section 624; *Chambers* v. *Harrington*, 111 U. S. 357.

*E. D. R. Thompson, Esq.*, for respondent.

This Court has frequently held that where there is a substantial conflict in the evidence as to certain facts, that

it would not disturb the judgment of the lower court. *McCornick* v. *Mangum, et al.*, 57 Pac. 428, and cases there cited.

The sole question is, Did the Court err in holding that the work for the Franklin lode could be done through the General Sheridan tunnel site and that it could apply on the same? Sec. 2324 U. S. Statutes, Amendment of February 11, 1875; 1 Lindley on Mines, Sec. 491, page 603; *Book* v. *Justice Co.*, 58 Fed. 107.

It having been found as a fact that the respondent did not abandon the bore of the tunnel, had the lower court the right to decree the possession of the bore of the tunnel and dumping ground to the respondent? Lindley on Mines, Sec. 491, page 603, Vol. 1; 2d Lindley on Mines, page 791, foot note 4; Morrison's Mining Rights, 10th ed., p. 211.

Where work is done within the limits of the group of claims in furtherance of the common system of development, there must, it is true, be a community of interest in each claim, but this interest need not be of a strictly legal nature, and testimony may be admitted to show an oral agreement that such claims were located in the name of one person for the common benefit of others. 2d Lindley on Mines, Sec. 630, p. 789; *Ebberly* v. *Carmichael*, 42 Pac. 95.

MINER, J.

This action was brought to determine the adverse right to certain mining claims, by the appellant against the respondent, and to obtain a patent under Sec. 2326 R. S. U. S. The appellant claims the Fissure and Contrary lodes which were located in June and July, 1896, respectively. The respondent claims the General Sheridan Tunnel site located in 1892, on what is called the Calumet

claim, and which in its course crosses the Franklin, Calumet and Clift claims. Respondent also claims the Franklin lode claim located in 1893, the Calumet located in 1899, and the Calumet No. 1, located in 1899, the last being a blind vein claimed under the General Sheridan tunnel site, which was discovered during the prosecution of the work in said tunnel, and is claimed by the respondent under Sec. 2323 R. S., U. S. A conflict is alleged to exist between the Contrary and Fissure lodes claimed by the appellant and the Franklin and Calumet lodes and the General Sheridan tunnel claimed by respondent. The former overlap the latter claims in part. All of the respondent's claims were located by Dennis Sullivan from whom title was derived.

The court found, among other facts, that Dennis Sullivan, respondent's grantor, performed the annual assessment work for the Franklin lode for the year 1895 by work performed in the General Sheridan tunnel, and that the work so performed was worth more than $100, and that since the year 1894 the work on the Franklin lode has been done each year through the General Sheridan tunnel or through the shafts or drifts in the Clift lode which adjoins the Franklin; that the course of the tunnel is across and through the Franklin and Clift lodes which belong to the respondent and which adjoin each other, and that any work done in said tunnel or shafts materially tended to the development of the Franklin and Clift lodes; that all the work done on the tunnel and the Franklin claim since the year 1895, was done for the purpose and intention of having it apply upon the annual assessment work for the Franklin and Clift lodes, and not for the purpose or intent to use said tunnel as a means for the discovery of blind veins or ledges, but that the work done in said tunnel was not performed with such diligence as

would entitle the owner to any blind veins discovered therein under Sec. 2323 R. S., U. S., and that the work on said tunnel has not been abandoned; that in July, 1899, the defendant located a blind vein or ledge called the Calumet No. 1, discovered in said tunnel.

As conclusions of law, the court found that the work on the said tunnel was not prosecuted with such diligence so as to entitle the defendant to the blind vein or ledge found under the tunnel; that the respondent is the owner and entitled to the possession of the general Sheridan tunnel site, and to 50 feet each side of the mouth thereof extending in front 100 feet for dumping purposes; that the bore of the tunnel had not been abandoned; that the respondent was the owner and entitled to the possession of the Franklin lode mining claim, together with all the conflicting area, and that the appellant was not entitled to any part of the Fissure lode mining claim where it conflicts or overlaps the Franklin lode, but was entitled to the balance of said claim, and that the appellant was the owner and entitled to the possession of the Contrary lode mining claim, except so far as it was subject to the ownership by respondent by reason of the location of the General Sheridan tunnel.

The appellant contends that the testimony does not support or sustain the findings.

We have examined the testimony with reference to the objections made, and while we find it conflicting, yet it is clear to our minds that there was testimony given upon which the facts and findings could, properly, be predicated. Under such circumstances this court will not review the facts or question the findings. Where there is evidence to support the findings, the weight of such evidence being within the province of the trial court, its determination thereof will not be disturbed on appeal

unless manifestly erroneous. *Strickley* v. *Hill*, 22 Utah 257, 62 Pac. 893; *McCornick* v. *Mangum*, 20 Utah 17, 57 Pac. 428; *Dooly Block* v. *Salt Lake Rapid Transit Co.*, 9 Utah, 31.

The appellant contends that the work on the tunnel, and the shafts of the Clift claim should not be credited as work on the Franklin and Clift claims; that the tunnel was located as a tunnel site under Sec. 2323 R. S., U. S., and not for the development of other claims under Sec. 2324.

The testimony tends to show that these claims were consolidated or worked for development purposes, and that work on the tunnel and shafts was done to apply on the respective claims; that the respondent had an interest in all of these claims, and that the development work was a benefit to all the claims. Under such circumstances the testimony sustains the finding that the work done in the tunnel and shafts was beneficial to respondent's claims. Sec. 2324 R. S. U. S.; *Wilson* v. *Triumph Mining Co.*, 19 Utah, 67.

It is true, as claimed by the appellant, that there is some discrepancy in respondent's testimony tending to show that the work on the tunnel was not prosecuted with reasonable diligence for a period of six months. Under Sec. 2323, a failure to prosecute the work on the tunnel for six months is considered an abandonment of the right to all undiscovered veins on the line of such tunnel. Because of this the court properly found that the respondent was not entitled to the blind vein discovered under the tunnel called the Calumet No. 1, and was only entitled to the bore of the General Sheridan tunnel site and to a space of surface ground 50 feet on each side of the mouth of the tunnel and 100 feet extending in front thereof for dumping purposes. The balance of the claim on which

the mouth of the tunnel is located was awarded to the appellant. We are of the opinion that this finding is sustained by the testimony. The owner of mining claims may develop them by means of a tunnel. The privilege granted by Sec. 2323 applies to one who locates a tunnel for discovery purposes as well as for development purposes.

Several objections are urged on account of the improper admission or rejection of testimony. We have given these questions attention but do not find that any reversible error was committed by the court although greater latitude could properly have been given on the cross-examination of one of the witnesses. A party has a right upon cross-examination to draw out anything which would tend to contradict, weaken, modify or explain the evidence given by the witness on his direct-examination, or any inference that may result from it tending in any degree to support the opposite side of the case.

It is next claimed by the appellant that the notice of location of the Franklin and Clift claims was indefinite and uncertain as to locality, and should not have been received in evidence.

It appears that the Clift claim was located in 1888, and was a relocation of the Old Susan ledge. It was where the Old Susan mine was located. The testimony shows that the Old Susan had been a shipper of ore and a dividend payer for years. The notice recites "This claim shall be known as the Clift mining claim, and was known as the Susan ledge about two miles south of Diamond City, Tintic Mining District, Utah." The Franklin claim was located in 1893 about 1½ miles south of Diamond City on the west side of the Clift claim. One was located adjoining the other.

The testimony shows that Diamond City and the Old

Susan Mining ledge had a notoriety in that vicinity and were well known. Work had been performed on these mines, to keep up the assessment work, since their location. Taking all the facts into consideration, we are of the opinion that the notices were sufficient. The construction of a notice for a mining location should be liberal and not technical, and the sufficiency of a notice with reference to natural monuments or permanent objects, is a question of fact. *Wilson* v. *Triumph Min. Co.*, 19 Utah, 66; *Farmingion Min. Co.* v. *Rhymney Min. Co.*, 363, 58 Pac. 832.

Other questions are presented but they do not merit further discussion. We find no reversible error in the record.

The judgment of the district court is affirmed, with costs.

BARTCH, C. J. and BASKIN, J. concur.