# THE SUPREME COURT

OF THE

# STATE OF UTAH.

MAY TERM, 1901.

23   489<br>26   229

## GEO. W. LAMBOURNE, Respondent, v. JNO. HALFIN, Appellant.

TRIAL—CHANCE VERDICT—NEW TRIAL—WHEN GRANTED.

Under the provisions of Revised Statutes 1898, section 3292, subdivision 2, providing that a new trial shall be granted whenever one or more of the jurors have been induced to assent to the verdict by a resort to the determination of chance, where it clearly appears that the amount of the verdict was determined by each juror fixing the amount to be awarded, adding them together, and dividing result by the number of jurors, a new trial will be granted.[1]

Rolapp, District Judge, dissenting.

Decided May 14, 1901.

Appeal from District Court, Salt Lake County.—*Hon. A. N. Cherry*, Judge.

---

[1]Wright v. Railroad Co., 22 Utah 338; 62 Pac. 317, followed.

Action by George W. Lambourne against John Halfin. From a judgment in favor of the plaintiff and a denial of a motion for a new trial, defendant appeals.

REVERSED.

*Messrs. Pierce, Critchlow & Barrette* for appellant.

*Messrs. Krebs & Hoppaugh* for respondent.

BARTCH, J.—The jury in this case returned a verdict in favor of the plaintiff for the sum of $1,650, and judgment was entered accordingly. Thereupon the defendant made a motion for a new trial upon the ground of misconduct of the jury, and that the jurors were induced to assent to such verdict by a resort to a determination of chance. The motion for a new trial was overruled, and the defendant appealed.

The sole question presented for our consideration is whether any of the jurors were induced to assent to the verdict by a resort to a determination of chance, in violation of the provisions of subdivision 2, section 3292, Revised Statutes 1898. That at least three of the jurors were induced to so assent to the verdict is evident from a perusal of the affidavits filed and considered at the hearing of the motion for a new trial. The material facts disclosed by these affidavits are almost identical with those in the case of Wright v. Railroad Co. 22 Utah 338, 62 Pac. 317, and, on the authority of that case, the one at bar must be reversed, with costs, and remanded to the court below, with directions to grant a new trial. It is so ordered.

*Baskin, J.*, concurs.

ROLAPP, District Judge (*dissenting*).—I dissent from the foregoing judgment and opinion for the following reasons:

The sole question submitted in this case is whether or not the court below wrongfully refused to grant the defendant and appellant a new trial upon the ground of misconduct of the jury in arriving at their verdict. Counsel for appellant claims that such refusal was error, because the facts as disclosed by the affidavits of the jurors in this case are identical with the facts disclosed in the case of Wright v. Railroad Co., 22 Utah 338, 62 Pac. 317, in which case this court decided that that particular jury was guilty of misconduct. I wholly disagree with counsel in their conclusion in that respect, and I think an examination of the two records will reveal that the only similarity in these two cases consists in the fact that the verdicts in each were quotient verdicts. In the case of Wright v. Railroad Co. there was an agreement between all jurors to write down the various amounts each juror favored as the assessed damages, without letting any juror know the amount favored by any other juror, and then divide the total amount by six, the number of agreeing jurors favoring a verdict for plaintiff. The affidavits were conflicting as to whether there was any agreement to the effect that the quotient so ascertained should be the measure of plaintiff's damages, or that the jurors should feel bound to accept or agree to the amount so arrived at as a verdict in the case. But this court did not determine the case upon either of these grounds, but directed the setting aside of the verdict, because it affirmatively appeared that one of those agreeing jurors positively stated that he had heard nothing whatever said to the effect (as alleged by the other five jurors) that no juror should be bound to accept or agree to the amount found by the addition and division described, and because of the further fact that this particular juror signed the verdict with the understanding and belief, in good faith, that the agreement made before the final ballot was taken was to the effect that each juror was to abide by the result of such addition and division; and in delivering the opinion of this court

ordering a new trial Justice BASKIN specifically based such . judgment upon the finding that the particular juror whose vote was necessary to support the verdict "understood that he and the other concurring jurors had agreed and were bound to return a verdict for the amount which the method agreed upon should determine."

In the case before us the affidavits of three jurors presented by the appellant affirmatively show that the entire jury was in favor of a verdict for plaintiff, and that, before any agreement whatever was entered into, each juror had openly given to the clerk of the jury the amount favored by him as plaintiff's damages, thus giving each juror full information as to the various amounts under consideration; that thereafter an agreement was entered into that these amounts so publicly given should be added together, and divided by eight, and the result considered the verdict. It is true three of the jurors say that they did not know what the result would be, and that it was in excess of the amount they thought plaintiff entitled to, but this statement only shows an evasion of either truth or duty on their part. Either they did know, or by the exercise of the most ordinary means within their power they could have known, the result before they entered into the alleged agreement. I can not conceive what "chance" there can be in a verdict adopted by a jury where they voluntarily agree that the damages shall be an amount equal to one-eighth of the total amounts then absolutely known and before their eyes. It would certainly not have been a chance verdict had one of the jurors mentally calculated the quotient, and then moved that such amount should constitute the verdict, even though he should have told his fellow jurors the method by which he arrived at the amount suggested. The adoption of such suggestion, or the agreement to adopt it, when publicly ascertained by addition and division of known figures then before the jury, conclusively presupposes a knowledge of the ultimate result,

Lambourne v. Halfin.

and consequently the verdict is not the result of any chance method agreed upon, but the result of the individual mental determination upon the part of each juror to do what is right. Besides, the statement made by the three jurors in this case, to the effect that the agreement entered bound all the jurors to abide by the result, whatever it might be, is absolutely disproven by the subsequent conduct of one of these very jurors. It uncontradictedly appears that, even after the result of the addition and division was announced, one of these three jurors discussed the question as to whether this amount ought not to be reduced by $150, and after argument, and upon roll call by the clerk of the jury, this same juror affirmatively expressed himself as satisfied with the quotient amount.

While I think that the law properly condemns chance verdicts, and that courts should promptly set them aside if it fairly appears that they are such, yet before a verdict can be said to be a chance verdict it must affirmatively appear to have within it some element of chance, which has been defined by the Supreme Court of California, in the case of Dixon v. Pluns (Cal.) 33 Pac. 268, 20 L. R. A. 698, to be a "hazard, risk, or the result of issue of uncertain and unknown conditions, and, if the facts developed bring the case clearly within such definition," then the verdict should be set aside. But, as that court further says in the same opinion, "if the estimate of each juror is before the eyes of the others when the agreement is made, then no element of chance will be found in the result, for it would be a matter of mere mathematical computation." I think that the court below did not err in refusing to set aside the verdict, and the judgment ought to be affirmed.