ANNA ARCHIBALD, Respondent, v. ANNA KOLITZ, as Administratrix of the Estate of LOUIS KOLITZ, Deceased, Appellant.

No. 1445. (72 Pac. 935.)

1. New Trial: Chance Verdict: Burden of Proof.
On a motion for a new trial on the ground that the verdict was determined by a resort to chance, the burden is on the movant to show such fact.

2. Same: Affidavits Held Insufficient.
On a motion for a new trial on the ground that the verdict, which was for plaintiff, was returned by chance, affidavits of two jurors were to the effect that they were not in favor of a verdict for plaintiff; that each of seven of the jurors by secret ballot voted the amount he was willing to allow plaintiff, and the verdict was reached by dividing the sum of such amounts by seven. Counter affidavits by each of the other six jurors denied the above affidavits, and stated that the question of recovery was determined in favor of plaintiff, and then expressions of opinion were taken as to the amount of recovery, which ranged from $200 to $500, and after discussion a compromise at $375 was agreed on, not by chance, but by the jurors lowering or raising their estimates to that sum. Held, insufficient to show that the verdict was determined by chance

Archibald v. Kolitz.

(Decided June 30, 1903.)

Appeal from the Second District Court, Weber County. —*Hon. H. H. Rolapp,* Judge.

Action to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant's intestate. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*S. H. Lewis, Esq.,* and *Thos. Maloney, Esq.,* **for** appellant.

*A. G. Horn, Esq.,* for respondent.

BASKIN. C. J.,—In courts of general jurisdiction, under article 1, section 10, of the Constitution, the jury consists, in civil cases, of eight members, and three-fourths of the members may find a verdict. In the case at bar a verdict was returned in favor of the plaintiff for $375. As stated in the appellant's brief, the most important question involved is as to whether the record shows that the verdict, within the meaning of subdivision 2, section 3292, Revised Statutes 1898, was determined by a resort to chance. That it was so determined is one of the grounds alleged in the defendant's motion for a new trial, and the burden of showing that fact, on the motion, was upon her.

The affidavits of two of the jurors were read by defendant in support of her motion. On of them, Henry Hudman, deposed as follows: "The way in which a verdict was reached for the plaintiff in the above-entitled action is as follows, viz.: There was an agreement between seven of the jurors to write down on a separate piece of paper the amounts which each of the seven jurors was willing to give to the plaintiff in the way of assessing damages, and neither of the said

seven jurors was to let any other juror know the amount he was willing to assess as damages for the plaintiff; and after the seven jurors had so voted the agreement was that seven several sums should be added together, and the sum total was to be divided by seven, and the result or quotient was to be the verdict for the plaintiff. The agreement was to be binding on each of the jurors. After the voting, and counting or adding up the various amounts, and dividing the sum by seven, under the agreement made and entered into, the quotient was to be the sum or amount of the verdict in favor of the plaintiff. After this voting, addition, and division, there was nothing more done. It ended at the result of the calculation. I was of the opinion that the facts proven in the case did not justify us in giving the plaintiff any sum whatever." C. W. Rounds, the other juror, deposed as follows: "Personally, I did not think that the facts warranted the jury in giving any damages whatever to the plaintiff. This is the way the verdict was reached: Each of seven of the jurors voted or placed the amount he was willing to give the plaintiff on a separate piece of paper, and added the several amounts together, and then divided the sum by the number of jurors so voting, and the agreement was that the result should be the amount of damages the jury would give to the plaintiff; and, after the vote, the addition, and division, there was no further discussion or consideration of the question whatever. Neither juror knew the amount the other was to vote."

A counter affidavit was read by plaintiff, in which each of the other six jurors for himself deposed: "That he was one of the jurors who sat in the above-entitled cause when the same was tried in the said court; that he has heard read the affidavits of C. W. Rounds and Henry Hudman, and states that the matters therein stated are not correct, and that the verdict in said action was arrived at as follows: That after the jury had determind the question of recovery in favor of plaintiff an expression was taken from each of the jurors as to what

the amount of her damages should be; that these expressions ranged from $200 to $500; that thereupon the jury discussed the matter further to see if they could arrive at a mutual amount, and after discussing the same a compromise between said two sums was arrived at in the sum of $375; that there was no resort to chance, or any adding of the different expressions, and a dividing thereof by the number of jurors voting for such verdict, or a previous determination or agreement that any quotient should be the verdict, but that the jurors voting for sums different than $375 receded from their position, and lowered or raised their estimates, until all of the jurors were in favor of said sum.''

The appellant, in support of her contention upon this question, has cited Wright v. U. P. Railroad Co., 22 Utah 338, 62 Pac. 317, and Lambourne v. Halfin, 23 Utah 489, 65 Pac. 206. The affidavits in those cases clearly showed that the verdicts were determined by chance, but in the case at bar the allegation that the verdict was so determined does not clearly or sufficiently appear from the affidavits. The trial court did not, therefore, err in refusing to grant a new trial on that ground.

The record does not disclose any reversible error. The judgment is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.