## MIDGLEY v. BERGERMAN et al.*

No. 1668. Decided November 14, 1905 (83 Pac. 466).

1. NEW TRIAL — MISCONDUCT OF JURY—AFFIDAVITS—SUFFICIENCY.— Revised Statutes 1898, section 3292, subdivision 2, makes it a ground for a new trial that the jury have been guilty of misconduct, in that one or more have been induced to assent to a verdict by resort to the determination by chance. An affidavit for a new trial made by a juryman stated that a quotient verdict was rendered, and that the jurors agreed, before obtaining the result, that the amount so obtained should be the verdict. Counter affidavits stated that the jury did not agree to accept the quotient, but that they agreed upon such amount, because it met with the approval of each of the jurors. *Held*, that there was no showing to warrant a new trial.

---

*Juror cannot impeach his own verdict. See note, 11 L. R. A. 706.

2. SAME—BURDEN OF PROOF.—On a motion for a new trial, on the ground that the jury resorted to the determination of chance, the burden of proof is upon the party assailing the verdict.[1]

3. SAME—MISCONDUCT OF JURY—ESSENTIALS OF MISCONDUCT.—A new trial may not be had, on the ground that the jury resorted to the determination of chance, unless it appear that the assent of one or more jurors was thereby obtained to the verdict.

APPEAL from District Court, Salt Lake County; M. L. Ritchie, Judge.

Action by Joshua A. Midgley against Jacob Bergerman and another. From a judgment in favor of plaintiff, defendants appeal.

AFFIRMED.

*W. R. Hutchinson* for appellants.

*P. C. Evans* and *A. L. Hoppaugh* for respondents.

APPELLANT'S POINTS.

It appearing conclusively from the testimony that the defendant Ford, at the time the alleged assault was committed, was a duly appointed, qualified, and acting deputy sheriff and acting under instructions from the sheriff and not defendant Bergerman the court should have instructed the jury to find the verdict against Ford alone and not against defendant Bergerman. (*Jardine v. Cornell,* 50 N. J. L. 485, —Atl. 590; *Hershey v. O'Neill,* 36 Fed. 168; *Healy v. Lathron,* 171 Mass. 263, 50 N. E. 540; *Wells v. Wash. Mar. Co.,* 19 D. C. 385; *Hardy v. Chicago M. & St. P. R. R. Co.,* 58 Ill. App. 278.)

"Where a verdict is shown beyond question to have been a result of mathematical calculation rather than the deliberate judgment of the jury it cannot stand." (62 Pac. Rep. 543; *Bailey v. Beck,* 21 Kan. 462; *Werner v. Edmiston,* 24 Kan. 147; 2 Thomp. Tr., par. 2602; Eng. Ency. P. of P. 866-868.)

---

[1] Pence v. Mining Co., 27 Utah 378, 75 Pac. 934; Archibald v. Kolitz, 36 Utah 226, 72 Pac. 935.

RESPONDENT'S POINTS.

There is no sufficient assignment of error in the record, and no point relied upon which can be reviewed. ·An assignment of error actually means the marking or pointing out of the error." (*Wilson v. Fire Ins. Assn.*, 30 N. W. 401; *Kirk v. Litterst* [Iowa], 36 Minn. 112, 32 N. W. 106; *Marsel v. Bowman*, 17 N. W. 176; *Blum v. Butterworth* [Tex.], 1 S. W. 108; *Mo. Pac. Ry. Co. v. Aiken*, 9 S. W. 437; *Daniels v. Carter*, 6 Ky. L. R. 584; *Brunner v. Brunner*, 49 Ind. 98.)

There was no exception reserved pointing out the particulars in which the evidence is alleged to be insufficient.

A mere general objection as to insufficiency or upon the ground that the verdict is contrary to the evidence or to the law, cannot be considered by the court. (*Kule v. Craig*, 125 Cal. 107; *Gilberson v. Mining Co.*, 4 Utah 46; *Sterling v. Parsons*, 9 Utah 83; *Canal Co. v. Edwards*, 9 Utah 477; *Nebeker v. Harvey*, 21 Utah 363; *Wasatch Irrigation Co. v. Fulton*, 23 Utah 466; *Mader v. Taylor*, 15 Utah 161; *Van Pelt v. Park*, 18 Utah 141; Genter v. Mining Co., 23 Utah 165; *Railway Co. v. Russell*, 27 Utah 457.)

"The mere fact that the jury, in a given case, may, during their deliberations, have resorted to chance to obtain an average sum, will not vitiate their verdict, if, notwithstanding such sum, they thereafter continue to deliberate in good faith and finally arrive at their verdict as the result of fair and honest deliberation, free of any inducement from the resort to chance." (*Bailey v. Beck*, 21 Kan. 339; *Pawnee Ditch Co. v. Adams*, 28 Pac. 662; *Knight v. Fisher*, 25 Pac. 78; *Hunt v. Elliott*, 77 Cal. 588; *Empson Packing Co. v. Vaughn*, 59 Pac. 749; *Cortelyou v. McCarthy*, 37 Neb. 742; *Conklin v. Hill*, 2 How. Pr. 6; *Peterman v. Jones*, 94 Ia. 591; *Parshall v. Railway Co.*, 35 Fed. 650; *Johnson v. Railway Co.*, 46 Fed. 347; *Luft v. Lingane*, 22 Atl. 942.)

BARTCH, C. J.

This action was brought by the plaintiff to recover damages for personal injuries which he alleges were inflicted upon him willfully and maliciously by the defendant Ford, act-

ing under the direction and employ of the defendant Bergerman. It appears that, at the time of the injury, Bergerman was the proprietor and manager of Calder's Park, a certain pleasure resort; that he kept a saloon there; that the plaintiff and several companions went to the bar, and called for and drank beer; that thereupon others entered the saloon and also began drinking; that then a dispute arose and a disturbance ensued; that, to quell the disturbance and rid the saloon of the boisterous parties, the bartender called in the defendant Ford, who was a deputy sheriff in the employment of the manager, and pointed out the plaintiff to the officer as the man who made the disturbance; and that thereupon the officer ordered him out of the saloon, and upon the plaintiff claiming he made no disturbance and refusing to go, struck him with a cane across the back of the head, causing the injury of which complaint is made. As to what took place during the drunken brawl and just before the blows were struck by the officer, the evidence is conflicting. On the part of the defense, there is evidence showing that, while trying to push the plaintiff out, the officer was assaulted and struck by one of the parties. Some testimony of the plaintiff is to the contrary. There is also a conflict in the evidence respecting the plaintiff's conduct during the disturbance, and at the time the officer ordered him to leave. Upon the submission of the case to the jury, a verdict was returned in favor of the plaintiff, and the court, after overruling a motion for a new trial, entered judgment on the verdict in the sum of $525. The appellants now seek to reverse that judgment, but the record shows such a violation of the rules and practices of this court, in reference to the manner of presenting questions for review, that we cannot consider any of the alleged errors except the one relating to the misconduct of the jury.

It is insisted that the verdict of the jury was the result of a resort to the determination of chance, and, to support this contention, the appellants have filed an affidavit of one of the jurors. In that affidavit, B. Soloman, the affiant, states in substance, that, upon the jury retiring to consider their verdict, each juror cast a "ballot for the amount which he considered to be correct from the evidence"; that then one of the jurors proposed "that they add up the several amounts," and divide the total by eight, the number of ju-

rors, the quotient to be the verdict; that the proposition was accepted by all the jurors, and the sum so obtained written in the verdict, which was returned to the court; and that the "jurors agreed, before obtaining the result, that the amount obtained, from adding the separate amounts decided upon by each juror and dividing the total by eight, should be the verdict of the jury." This is the only affidavit upon which the appellants rely to show a vitiated verdict, and it will be noticed that there is nothing in it to show that there was no deliberation after the quotient was obtained, or that any one of the jurors was actually induced to assent to the amount so obtained as the amount of the verdict, or even that the affiant himself was induced to and did agree to the verdict because he considered himself bound by such arrangement. Not only does this affiant fail to show these things, but, on the contrary, six jurors, in a counter affidavit, state that the jury did not agree to accept the quotient as the amount of the verdict because induced to do so by the arrangement, but that they "accepted and agreed upon said amount solely and only because it met with the approval of each of said jurors, as a just and fair and a reasonable amount of recovery for the plaintiff; that none of said jurors were induced to assent to such verdict by resort to the determination of chance," or such addition and division; and that "there was no agreement on the part of said jurors, or any of them, by the terms of which they were to be bound in advance to the amount to be determined upon by addition and division, nor did the arrangement entered into in any respect affect or detract from the deliberations on the part of the jurors; that said jury were out and in discussion of said case about one hour, and discussed the amount reached as a quotient from adding and dividing the sums voted by each juror for about ten minutes after the quotient had been reached." Clearly, when these affidavits are examined and considered they reveal no sufficient ground to justify this court in disturbing the judgment. In such a case, the burden of proof is upon him who assails a verdict, to show not only that there was a resort to the determination of chance, but also to show that the assent of one or more jurors was thereby obtained to the verdict.

This court, in *Pence v. Mining Co.*, 27 Utah 378, 75 Pac. 934, commenting upon section 3292, Rev. St. 1898, of the

statute relating, among other things, to misconduct of the jury by a resort to the determination of chance said:

"The 'determination of chance,' however, to have such effect must have been the means of inducing one or more jurors to assent to the verdict. It follows that the mere fact that the jury in a given case, may, during their deliberations have resorted to chance to obtain an average sum, will not vitiate their verdict, if, notwithstanding such sum, they thereafter continue to deliberate in good faith, and finally arrive at their verdict as a result of fair and honest deliberation, free of any inducement from the resort to chance. The burden of proof to show that the assent of one or more jurors was obtained to the verdict by the determination of chance or that it was in fact a chance verdict, is upon him who assails the verdict." (*Archibald* v. *Kolitz*, 26 Utah 226, 72 Pac. 935; *Dorr* v. *Fenno*, 12 Pick. 521; *Bailey* v. *Beck*, 21 Kan. 462; *Hunt* v. *Elliott*, 77 Cal. 588, 20 Pac. 132.)

The decided preponderance of proof in this case is in favor of the validity of the verdict, and the presumption that the jury acted fairly and did their duty has not been overthrown. The contention of the appellant, therefore, that the jury were guilty of such misconduct as rendered their action void cannot prevail.

We find no reversible error in the record. The judgment is affirmed, with cost.

McCARTY and STRAUP, JJ., concur.