ZANOS, RESPONDENT, *v.* GREAT NORTHERN RY. CO., APPELLANT.

(No. 4,356.)

(Submitted April 19, 1921.   Decided May 9, 1921.)

[198 Pac. 138.]

*Personal Injuries—Master and Servant—"Negligence"—Evidence — Admissibility — Instructions — Quotient Verdicts — New Trial.*

Personal Injuries—Master and Servant—Quotient Verdict—New Trial.
1. Where the jurors in a personal injury action agreed among themselves that in arriving at a verdict each of them should write the amount he deemed plaintiff entitled to upon a slip of paper, the several amounts to be added by one of their number, acting as clerk, and the sum total divided by twelve, the amount thus arrived at to stand as their verdict, the result was a quotient verdict entitling defendant to a new trial.

---

1. Validity of chance or quotient verdicts, see notes in 16 **Ann. Cas.** 910; **Ann. Cas.** 1917C, 1224.

Same—"Negligence"—Definition.
   2.  Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such person under the existing circumstances would not have done.

Trial—Instructions—Review—Technical Niceties.
   3.  In reviewing instructions given to the jury substance should not be sacrificed to undue nicety in phraseology or too critical exactness in the use of words.

Same—Instructions Deemed Deficient—Duty of Appellant.
   4.  Where an instruction in appropriate language calls the attention of the jury to the subject matter to be considered and fairly states and presents the questions to be determined, it is sufficient, and if in such a case a more specific instruction is required by a party, it is his duty to tender one or a modification of the one given, a demand that the court do so being insufficient.

Personal Injuries—Impairment of Earning Capacity—Faulty Instruction.
   5.  An instruction that if the evidence made it appear that plaintiff's earning capacity had been impaired by reason of his injuries, the jury should compensate him for such impairment, without stating a rule or guide for arriving at the amount to be awarded in that behalf, was faulty.

Same—Evidence—Admissibility Under Pleadings.
   6.  Under the allegation of the complaint, after more minutely describing plaintiff's injuries, that his body had been "otherwise injured," evidence that he had sustained a rupture was admissible, over the objection that such injury was not within the pleadings.

*Appeals from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by Socrates Zanos against the Great Northern Railway Company. From a judgment for plaintiff and an order denying its motion for a new trial, defendant appeals. Reversed.

*Messrs. Veazey & Veazey* and *Mr. H. C. Hopkins*, for Appellant, submitted an original and a supplemental brief; *Mr. I. Parker Veazey, Jr.*, argued the cause orally.

*Messrs. Maury & Melzner* and *Mr. John Georgiades*, for Respondent, submitted a brief.

MR. CHIEF COMMISSIONER POORMAN prepared the opinion for the court.

This is an appeal by defendant from an order overruling its motion for a new trial, and also from a judgment entered

against it on a verdict for plaintiff, in an action for damages resulting from personal injuries alleged to have been sustained by plaintiff, then an employee of defendant company, and caused by the alleged negligence of other employees of defendant.

So far as material to the questions here considered, the facts alleged are to the effect that the plaintiff and other employees of defendant were going to their work upon a roadbed of defendant company upon a hand-car, provided for that purpose by the defendant, when they were overtaken by a gasoline car under the control, management and operation of the section foreman, conveying other employees engaged in the same kind of work, to the place of labor. It is alleged that the gasoline car violently collided with the hand-car; that plaintiff was thrown off across the rails, both cars passing over him, "striking and injuring the plaintiff's back all the way up near the spinal column and thereby mashing the plaintiff's chest down against the rail, so that they broke plaintiff's bottom ribs on the right side and mangling and injuring said plaintiff's stomach and back and liver, and mashing plaintiff's knee against the rail and otherwise injuring the body of this plaintiff," and it is alleged that all this was caused by the negligence of the defendant and its servant.

The specification of errors contains the assignment that [1] "the verdict returned was a quotient verdict." In support of its motion for a new trial, the appellant filed in the district court the affidavits of six of the jurors as to the method pursued in reaching the verdict. Their affidavits are lengthy, are substantially the same in form, and do not vary materially in substance. The juror J. J. Connolly, in his affidavit, states that after the case was submitted to the jury, he was selected as the foreman thereof; that the jury first determined by a vote that a verdict for damages in some amount should be returned for the plaintiff. Juror William Molthen then suggested that in arriving at the amount of the

verdict, each of the jurors should vote the amount of damages which he thought plaintiff entitled to; that a clerk be appointed to take down the amounts so voted by the twelve jurors, and that the sums so voted should by the clerk be added together and the total divided by twelve and the quotient so obtained should be written into the form of the verdict by the plaintiff, and that the same should be returned into court as the verdict of the jury in the case. This arrangement was agreed to by all of the jurors and Molthen was selected as the clerk. The amounts were then written by the several jurors, the clerk added the same and reached the total sum of $42,000. This sum was divided by twelve and the quotient $3,500 was then written in the form of the verdict, which was signed by the foreman, and the same was returned as the verdict of the jury; that no other proceedings were had or vote taken on the part of the jury in the adoption of this verdict, and the affiant voted for a much smaller sum than he believed the plaintiff entitled to for the reason that he believed the other jurors would vote for very high amounts and he desired to keep the amount to be arrived at as low as possible.

Jurors William J. Day, William Molthen, Carl Sternberg, Thomas McFadden and Jacob Baker made similar affidavits. Subsequently, the juror William Molthen made and filed another affidavit, in which it is stated that after the sum total of the amounts voted by the jurors was divided by twelve, the quotient was not $3,500, "but a larger amount, which affiant does not remember, and thereupon and after such quotient was obtained, the said jurors refused to accept the same as their verdict as being an amount too high in proportion to the damages sustained by plaintiff and that all of the jurors then and there agreed not to abide by such result, and did not abide by such result but they and each of them agreed that the sum of $3,500 would be a proper and sufficient verdict, and after said verdict was agreed upon as aforesaid, J. J. Connolly, foreman of the jury, wrote in the

form of verdict for the plaintiff the sum of $3,500, which said verdict was duly returned into the court.'' Affiant further states that the verdict was arrived at in the manner stated in this subsequent affidavit, and not otherwise.

This subsequent affidavit does not deny that the agreement was made, as stated in the former affidavits, nor does it deny that the sum total was $42,000, but denies that the quotient obtained was $3,500. If the sum total was $42,000, and the divisor was twelve, and the quotient arrived at was any other sum than $3,500, the error was in the division. But even if his subsequent affidavit had been contradictory in all respects of the former affidavits, it would still remain as five against one, and the other affiants and also this affiant Molthen stated that in their votes they had named a sum smaller than they believed plaintiff entitled to—in other words, that they were acting under the influence of the preagreement and prearrangement at the time they voted on the amount.

That this is what is called a ''quotient verdict'' is clearly sustained by the facts presented, and that it cannot be sustained is also apparent. Comment is unnecessary; the whole proposition is thoroughly discussed and clearly analyzed by the former decisions of this court and by other courts. (*Gordon* v. *Trevarthan,* 13 Mont. 387, 40 Am. St. Rep. 452; 34 Pac. 185; *Great Northern Ry. Co.* v. *Benjamin,* 51 Mont. 167, 149 Pac. 968; *Wright* v. *Union Pac. Ry. Co.,* 22 Utah, 338, 62 Pac. 317; *International Agr. Corp.* v. *Abercrombie,* 184 Ala. 244, 49 L. R. A. (n. s.) 415, 63 South. 549; *Texas Midland R. R. Co.* v. *Atherton* (Tex. Civ.), 123 S. W. 704; *Whisenant* v. *Schawe* (Tex. Civ.), 141 S. W. 146; *City of Ottawa* v. *Gilliland,* 63 Kan. 165, 88 Am. St. Rep. 232, 65 Pac. 252. *Harrington* v. *Butte, Anaconda & Pac. Ry. Co.,* 36 Mont. 478, 93 Pac. 640, may also be referred to.)

At the trial, the plaintiff tendered an instruction defining ''negligence.'' The court modified the instruction and gave [2] it as so modified. The definition of ''negligence'' heretofore approved by this court is: ''Negligence is the failure to do

what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done." (*Birsch* v. *Citizens' Elec. Co.*, 36 Mont. 574, 93 Pac. 940.) Neither the instruction offered nor the one given complies strictly with this definition. The offered instruction contains both the words "average" and "ordinarily." The instruction given, contains neither of these terms. The definition adopted by the court contains the word "ordinarily" but not the word "average," but the instruction of the court given as "5–A" is substantially correct. Substance cannot [3] be sacrificed to undue nicety in phraseology and too great critical exactness in the use of words.

Appellant also objects to court's instruction No. 3 and very strongly contends that the instruction is erroneous [4] in several particulars. It may be stated as a general rule that where an instruction, in appropriate language, calls the attention of the jury to the subject matter to be considered and fairly states and presents the questions to be determined, it is sufficient. Section 6746, Revised Codes, does not require more than this of the court's own motion. If, in such a case, a more specific instruction than that given is desired by a party, it is his duty to tender one, or to tender a modification of the one given. It is not sufficient merely to demand that the court do it. This instruction meets with these requirements and no other was offered. So far as the trial of this case was concerned, this instruction was not erroneous. However, if an instruction, correct in other matters and more complete in the particulars here referred to, had been tendered, it would have been the duty of the court to [5] give it. The instruction contains this statement: "If you find from the evidence that his capacity to earn money in the future is certain to be impaired by reason of his injuries, if any, you should compensate him for such impairment." This statement is authorized by section 6068, Revised Codes, but in the instruction, no rule or guide or suggestion was

made to the jury as to how it was to comply with this re-
quirement. This matter was once before this court and has
been quite recently thoroughly discussed, analyzed and de-
termined by other courts, and we go no farther here than to
call attention to those decisions: *Bourke* v. *Butte Elec. &
Power Co.,* 33 Mont. 267, 289, 83 Pac. 470; *Chesapeake & Ohio
Ry. Co.* v. *Kelly,* 241 U. S. 485, 60 L. Ed. 1117, 36 Sup. Ct.
Rep. 630 [see, also, Rose's U. S. Notes]; *Kinney* v. *Folkerts,*
84 Mich. 616, 48 N. W. 283; s. c., 78 Mich. 687, 44 N. W.
152; *Secord* v. *John Schroeder Lbr. Co.,* 160 Wis. 1, 150
N. W. 971.

At the trial the plaintiff was permitted to introduce
[6] evidence relative to a rupture, as a part of the injuries
sustained by him. The defendant at that time contended
that the evidence was improper because this particular injury
was not within the pleadings. This question may arise on a
new trial of this cause. No objection was made to the com-
plaint on the ground that it was not sufficiently specific. We
believe that the allegations of the complaint are broad enough
to admit this evidence. (*Jenkins* v. *Northern Pac. Ry. Co.,*
44 Mont. 295, 304, 119 Pac. 794.)

Because of the error committed by the jury in the method
of arriving at the verdict, we recommend that the judgment
of the district court, and also the order overruling appellant's
motion for a new trial, be reversed and the cause remanded
for a new trial.

PER CURIAM: For the reasons given in the foregoing opin-
ion, the judgment and order overruling the motion for a new
trial are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*