GREAT NORTHERN RY. CO., RESPONDENT, *v.* BENJAMIN
ET AL., DEFENDANTS; GILKERSON, APPELLANT.

(No. 3,535.)

(Submitted May 14, 1915    Decided June 24, 1915.)

[149 Pac. 968.]

*New Trial—Misconduct of Jury—Quotient Verdicts—Appeal and Error—Presumptions—Eminent Domain—Award—Appeal—Judgment.*

Appeal and Error—Defective Bill of Exceptions—Effect.
   1.   A bill of exceptions is not entitled to consideration, as a matter of right, where some of a number of proposed amendments thereto were allowed but the bill as amended was never engrossed, thus rendering it impossible to determine what should be included therein.

Trial—Quotient Verdicts—When Objectionable—When not.
   2.   A verdict arrived at by agreeing in advance that the quotient obtained by dividing by twelve the total of the amounts representing the divergent views of the jurors as to the award to be made, should be the amount of it, is condemned by subdivision 2 of section 6794, Revised Codes; where, however, the result thus obtained is to serve the means of ascertaining the average, or as a basis for further consideration, the verdict is not open to the objection that it has been arrived at by chance.

   [As to verdict ascertained by averaging the aggregate separate markings of all the jurors, see note in 34 Am. Rep. 815. As to quotient or chance verdict, see note in 134 Am. St. Rep. 1061.]

Appeal and Error—Presumptions.
   3.   In entering upon the consideration of an appeal, the presumption is indulged by the supreme court that the action of the lower court sought to be reviewed was correct, the burden being on appellant to overthrow that presumption.

New Trial—Misconduct of Jury—Quotient Verdicts—Affidavits—Insufficiency.

    4.  Affidavits filed in support of a motion for new trial on the ground of misconduct of the jury in resorting to chance in arriving at their verdict, reviewed and *held* so contradictory as to leave the issue in doubt and justify a holding that the complaining party had not sustained his attack upon the verdict by a preponderance of the evidence.

Eminent Domain—Award by Commissioners—Appeal—Judgment.

    5.  The sole question presented to the district court on appeal from the award of commissioners in condemnation proceedings, under section 7344, Revised Codes, is as to the amount of damages to be allowed, and the judgment should determine that issue and no other.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by the Great Northern Railway Company against Orzella D. Benjamin and others. From a judgment for plaintiff and an order denying him a new trial, defendant John O. Gilkerson appeals. Modified and affirmed.

Cause submitted on briefs of counsel.

*Mr. John C. Huntoon* and *Mr. Edward C. Russell,* for Appellant.

The matter of quotient verdict was carefully and thoroughly considered by the supreme court of this state in the case of *Gordon* v. *Trevarthan,* 13 Mont. 387, 40 Am. St. Rep. 452, 34 Pac. 185. The thoroughness with which this subject has been handled in this case is commented upon and the case is cited with approval in Hayne on New Trial, section 71. In that case the court cited the old case of *Dana* v. *Tucker,* 4 Johns. (N. Y.) 487. This case, so similar in its effects, would seem to be decisive of the case at bar. It is cited with approval in 29 Cyc. 813, note 92, 93, to the effect that, ''Where the consent of any juror to a verdict is determined by any resort to chance, a new trial must be given.'' The general proposition that a new trial will be granted upon a showing of a quotient verdict is affirmed in *Harrington* v. *Butte etc. Ry. Co.,* 36 Mont. 478, 93 Pac. 640. A case on almost all-fours with the case at bar is that of *Wright* v. *Union Pac. Ry. Co.,* 22 Utah, 338, 62 Pac. 317; see, also, *Flood* v. *McClure,* 3 Idaho, 587, 32 Pac. 254; *Dixon* v. *Pluns,* 98 Cal.

384, 35 Am. St. Rep. 180, 20 L. R. A. 698, 33 Pac. 268; *Giffen* v. *Lewiston,* 6 Idaho, 231, 55 Pac. 545; *Lambourne* v. *Haflin,* 23 Utah, 489, 65 Pac. 206.   South Dakota, with the same statute as our own, has arrived at the same decision in *Murphy* v. *Murphy,* 1 S. D. 316, 9 L. R. A. 820, 47 N. W. 142, and *Gaines* v. *White,* 1 S. D. 434, 47 N. W. 524; see, also, *Wood* v. *State,* 13 Tex. App. 135, 44 Am. Rep. 701; *Paducah etc. Ry. Co.* v. *Commonwealth,* 80 Ky. 147; *Perry* v. *Bailey,* 12 Kan. 539; *Wright* v. *Illinois & M. Tel. Co.,* 20 Iowa, 195; *Fain* v. *Goodwin,* 35 Ark. 109.

In an action of this nature it has been held that the judgment should contain a provision that the amount of the award should be paid within a reasonable time or the right of possession would be forfeited.   (*Skagit County* v. *McLean,* 20 Wash. 92, 54 Pac. 781.)   The judgment should certainly contain a description of the property taken as it would form a part of the record title of the land of the appellant.   There is nothing whatever in this judgment to indicate the amount or location of the land sought to be taken by the respondent.   (Lewis on Eminent Domain, sec. 762; *Mercantile Real Estate, etc. Co.* v. *Omaha H. & G. R. Co.,* 56 Kan. 174, 42 Pac. 712; *Norris* v. *City of Pueblo,* 12 Colo. App. 290, 55 Pac. 747; 15 Cyc. 920.)

*Messrs. Veazey & Veazey* and *Mr. O. W. Belden,* for Respondent.

A careful examination of the affidavits in question will show that there was no agreement in advance, but a mere suggestion, and that the jurors already knew what each juror favored, and what the approximate average judgment of the jury would be, and had come to the conclusion that the average judgment was probably accurate, and were seeking to ascertain what that average judgment, already approximately known, would amount to, and that afterward the matter was deliberated upon and a motion was made that the average, so ascertained, be taken as the judgment of the jury, and nowhere does it appear that there was any prior agreement, or that any juror felt coerced

to agree to the verdict, and would not have brought in the same except for some prior agreement.

The appellant's authorities are readily distinguishable, and a reading of the authorities in the Montana case cited by appellant will show how much it differs from the affidavit in question. It was definitely stated in the affidavit in the Montana case that the jurors made an agreement, abided by the agreement, and would not have reached their result except for the agreement. None of these vital statements appear in the affidavit in question. We refer the court to the following authorities: *Armstrong Packing Co.* v. *Clem* (Tex. Civ. App.), 151 S. W. 576, at 577; *Empson Packing Co.* v. *Vaughn,* 27 Colo. 66, 59 Pac. 749; *Greeley Irr. Co.* v. *Von Trotha,* 48 Colo. 12, 108 Pac. 985; *City of Colorado Springs* v. *Duff,* 15 Colo. App. 437, 62 Pac. 959; *City of Kingsley* v. *Morse,* 40 Kan. 588, 20 Pac. 222; *Ponca* v. *Crawford,* 23 Neb. 662, 37 N. W. 609; *Eastern Ry. Co.* v. *Montgomery* (Tex. Civ. App.), 139 S. W. 885; *Gulf etc. R. Co.* v. *Blue,* 46 Tex. Civ. App. 239, 102 S. W. 128; *Archibald* v. *Kolitz,* 26 Utah, 226, 72 Pac. 935; *Conover* v. *Neher-Ross Co.,* 38 Wash. 172, 107 Am. St. Rep. 841, 80 Pac. 281; *Southern Nevada Gold etc. Min. Co.* v. *Holmes Min. Co.,* 27 Nev. 107, 103 Am. St. Rep. 759, 73 Pac. 759; *Dixon* v. *Pluns,* 98 Cal. 384, 35 Am. St. Rep. 180, 20 L. R. A. 698, 33 Pac. 268; *McDonnell* v. *Pescadero etc. Stage Co.,* 120 Cal. 476, 52 Pac. 725; *Parshall* v. *Minneapolis etc. Ry. Co.,* 35 Fed. 649.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted by the Great Northern Railway Company to condemn certain lands for public use. Defendant Gilkerson, being dissatisfied with the commissioners' award, appealed to the district court, where the trial of the cause resulted in a verdict and judgment fixing the amount of his damages. From that judgment and from an order denying his motion for a new trial, these appeals are prosecuted.

Appellant is not entitled to have his bill of exceptions considered as a matter of right.   Amendments to the proposed bill [1]   were presented and some of them allowed, but the bill as amended was never engrossed and it is impossible for us to determine what should and what should not be included.   However, in our desire to reach the merits of the appeal, we assume that the affidavits used on the motion for a new trial are properly before us.

1. The notice of intention enumerates all but one of the statutory grounds for a new trial; the motion, however, was heard and determined upon but one—misconduct of the jury.   In support of his contention that the verdict was reached by a resort [2]   to the determination of chance, appellant presented the affidavits of two of the jurors:

Gottlieb Jenni states: That the jurors "after retiring to deliberate upon their verdict, found that there was wide diversity of opinion among them as to the amounts to be awarded to the defendant John O. Gilkerson for his land and for damages to the remaining portion, and that, after arguing the matter for some time, some juror suggested that each juror write on a slip of paper the amounts that he thought fair for the land taken and also for the damage to the portion not taken, and that the amounts so given, respectively, be added together and the result divided by the number of jurors, twelve, and that they take such average as their verdict.   That this plan was agreed to and carried out, and this deponent so acted, and agreed to the verdict so arrived at, and that all the jurors did likewise, and the verdict so obtained was brought into court as the verdict of the jury, and so recorded."

The affidavit of the juror W. H. Metz states: "That after the issues in said action were submitted to said jury and said jury had retired to consider upon their verdict therein, and, after arguing upon the amount to be allowed to the defendant John O. Gilkerson for damages to the portion of said defendant's land not taken by plaintiff, each juror wrote down on a slip of paper his judgment of the amount to be awarded; it was

then agreed by all the jurors that these amounts should be added together and the sum should be divided by twelve, and thus the average of all the amounts should be found. This was done by one of the jurors and the average amount was found to be $280. That a motion was then made by one of the jurors that the amount so found should be adopted as their verdict as to such damages. That such motion was duly put and carried, and that said amount was then inserted in the formal verdict as the amount so to be awarded to said defendant for damages to that portion of his lands not taken, and said verdict fixing said amount, to-wit, $280, as such award, was returned into court as the verdict of said jury on said point, and was acknowledged by all said jurors as their verdict and filed as such.''

In common parlance, a quotient verdict is not infrequently referred to as one condemned by subdivision 2 of section 6794, Revised Codes. This provision, however, has to do only with a verdict to which a juror was, or jurors were, induced to assent by a resort to the determination of chance, and unless the means employed fall under the ban of this statute the juror is not permitted to impeach his verdict. We do not know that any court has ever condemned the practice, quite prevalent with jurors, of taking the aggregate of the amounts representing their divergent views as to an award to be made and dividing that sum by the number of jurors as a means of ascertaining the average or as a basis for further consideration. It is only when the jurors agree in advance that the quotient thus obtained shall constitute the amount of their verdict, and such agreement is carried into effect, that the proceeding constitutes a resort to the determination of chance and is condemned by the statute above.

The general rule on the subject is stated in 29 Cyc. 812, as follows: ''A verdict will not be set aside merely because the amount thereof was the result of a compromise between jurors, nor because the amount was first found by adding together the amounts the several jurors thought should be given and divid-

ing the sum by twelve, if there was no agreement in advance to return a verdict for the quotient so found. Where the jurors agree in advance to be bound by a quotient so determined, or where the consent of any juror to a verdict is determined by any resort to chance, a new trial must be granted.''

In *Gordon* v. *Trevarthan*, 13 Mont. 387, 40 Am. St. Rep. 452, 34 Pac. 185, the facts were in all essential particulars identical with the facts in the case now under consideration. The affidavit of Juror McNamara in that case disclosed a state of facts similar to those presented by Juror Jenni in this. The affidavit presented by W. H. Young and other jurors gave a version of their deliberation and conclusion similar to the facts presented by Juror Metz in this instance. Concerning the question thus presented, this court said: ''Verdicts arrived at by methods such as described in the McNamara affidavit in this case have been held bad when properly before courts on motion for new trial. But the facts vitiating such verdicts are the agreement by the jurors to go into the process of marking amounts, adding them, and dividing the same by twelve, and the agreement that the result so obtained shall be the verdict, without further consideration; and the fact that such proceedings were taken by the jury in pursuance to such an agreement, and that the result so obtained was returned as the verdict. (Thompson & Merriam on Juries, sec. 408 *et seq.*, and numerous cases cited; *Goodman* v. *Cody*, 1 Wash. Ter. 329, 34 Am. Rep. 808, 815, note.) On the other hand, it is held that a verdict reached after the quotient process having been had by the jury is not vicious 'where the calculation is purely informal, for the purpose of ascertaining the sense of the jury, and every juror feels at liberty to accept, reject, or qualify the result, according to his convictions. Under such circumstances the jury may adopt as their verdict the exact quotient found, and it will be good.' (Thompson & Merriam on Juries, sec. 410, and cases cited.) The distinction between good verdicts and bad verdicts where the quotient process has been used is well stated in a very old case as follows: 'If the jurors previously agree to a particular mode of arriving

at a verdict, and to abide by the contingent result at all events, without reserving to themselves the liberty of dissenting, such a proceeding would be improper; but if the means is adopted merely for the sake of arriving at a reasonable measure of damages, without binding the jurors by the result, it is not an objection to the verdict.' (*Dana* v. *Tucker*, 4 Johns. (N. Y.) 487. See, also, Hayne's New Trial and Appeal, sec. 71.)''

2. It will not do to say that the affidavits of Jenni and Metz do not present an issue of fact. Each of these men undertook [3, 4] to tell of the proceedings had in the jury-room. Each gave his version as he understood the facts, and if those facts were as stated by Jenni, the verdict should be set aside. If, on the contrary, the Metz version be adopted as fairly representing the efforts of the jurors in their attempt to reach a satisfactory conclusion, the verdict is not open to the objection that it was reached by a resort to the determination of chance. Each of these affidavits was made more than two months after the verdict was returned. The burden was cast upon the trial court to reconcile the different statements, if possible, and, if that could not be done, to determine from the evidence before it what the facts were, or whether the party complaining had sustained his attack upon the verdict by a preponderance of the evidence. We enter upon our consideration of this appeal indulging the presumption that the trial court's ruling was correct, and the burden is upon the appellant to present a record which overthrows that presumption. In the *Gordon Case* above, the trial court resolved the contradictory evidence in favor of McNamara's version, and this court refused to interfere. In the present instance, the trial court either found that the affidavit of Juror Metz stated the facts, or that appellant had not sustained the burden of proof by a preponderance of the evidence in his attempt to overthrow the result of the jury's deliberations. Upon either theory the finding may be upheld and our duty in the premises is plain. The Juror Jenni states that he was influenced by the same considerations which actuated the other jurors. If the means employed were the improper means in-

hibited by law, his consent was not given freely and the verdict was not the result of deliberate judgment. But just what the means were which induced his decision was left in doubt, which the trial court resolved against his testimony. With that conclusion we are not inclined to interfere.

· 3. The objection that the judgment does not describe the land condemned is without merit. The appeal from the award [5] of the commissioners presented to the district court only the question of the amount of damages to be allowed, and the judgment should determine that question and nothing more. (Rev. Codes, sec. 7344.) The final order of condemnation follows the payment of the award (sec. 7348), and could not be entered in advance without infringing the constitutional mandate that private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for, the owner.

4. The amount allowed appellant by the commissioners does not appear. The verdict returned in his favor is for $935. The judgment contains this provision: "It is further ordered that plaintiff have judgment and execution against the defendant John O. Gilkerson for any sum in excess of said sum of $935 heretofore paid by plaintiff to defendant John O. Gilkerson, in accordance with the award of the commissioners on condemnation in said action, which award was appealed from in said cause." This recital has no place in the judgment. If plaintiff is entitled to recover from defendant Gilkerson any amount whatever, the statute (sec. 7349, Rev. Codes) furnishes it an ample remedy.

The order overruling the motion for a new trial is affirmed. The cause is remanded to the district court with directions to eliminate from the judgment the objectionable provision quoted above, and as thus corrected, the judgment will stand affirmed. Each party will pay one-half the costs of these appeals.

   MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.