The STATE OF MONTANA, STATE HIGHWAY COMMIS-SION of the State of Montana, and HARRY L. BURNS, L. V. SWANSON, OTIS S. WATERS, S. N. HALVORSON and ROY L. SORRELS, as Members and Constituting the State Highway Commission of the State of Montana, Plaintiffs and Appellants, v. PARK COUNTY, a Political Sub-Division of the State of Montana, Defendant and Respondent.

No. 10360

Submitted September 7, 1962. Decided December 19, 1962.

376 P.2d 998

Clayton R. Herron, K. M. Bridenstine (argued orally), Forrest H. Anderson, Atty. Gen., Helena, for appellants.

David B. Fitzgerald (argued orally), Jack D. Shanstrom, Co. Atty., Livingston, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal by the State Highway Commission from a jury verdict in a condemnation action.

The land sought to be condemned for the Interstate Defense Highway system was part of a 210 acre tract owned by Park County.

The land appropriated contained about 30 acres of the 210 acre tract which was used by the County as a county farm and upon which was located the home for the aged and indigent. The land was primarily farm land with some grazing land and some irrigated land, and the portion taken was mostly irrigated. The construction did not interfere with the use by the defendant of the home.

The entire tract was leased to Leo Robinson. In consideration for the lease, Robinson paid the County $48 per month in rent, and operated the county home thereon. While Robinson charged the county $80 per month per patient, this was considerably below that charged the County by other similar institutions.

The State Highway Commission on appeal attempts to raise the issue of whether the state must pay for county lands taken. The State argues that inasmuch as a county is merely a political subdivision of the state, the property of the county is in effect the property of the state.

In its complaint, the State alleged that the lands were privately owned; that the lands were not devoted to a public use and asked that commissioners be appointed to ascertain the value of the land to be condemned.

As to the errors contended by the State, it has raised the issue too late. The only issue which can be raised at the trial on appeal from the commissioners' valuation is the amount of

damages to be allowed. Great Northern Ry. v. Benjamin, 51 Mont. 167, 149 P. 968.

In accordance with the complaint, the district judge found that the use was "necessary" and that "the land was not devoted to a public use". Commissioners were appointed, and they returned a report valuing the land at $20,000. The State appealed therefrom pursuant to the provisions of section 93-9915, R.C.M.1947, and after a jury trial, a verdict of $18,900 was returned.

At the jury trial, the State objected to the introduction of any evidence of value as being incompetent, irrelevant, redundant and immaterial, which objection was overruled. At the conclusion of the trial, the State offered an instruction to the effect that the State need not pay for the County land. The instruction was refused, and the State appeals to this court alleging as error the refusal to allow the instruction and the refusal to sustain the objection to the testimony.

Here the State, on appeal to the district court, did not seek to raise an issue concerning the *amount,* but rather whether *any* damages were payable. The theory on which this is advanced is that the lands are used for a governmental purpose. As before pointed out they are too late, they cannot appeal from the decision of the commissioners contesting the right of the County to receive damages when they did not raise that issue in the pleading stage.

As to the appellants' five specifications of error, we hold that having failed to properly plead its case in the first instance as it did and having failed to amend said pleadings that they are bound by their pleadings. The specifications are therefore without merit.

Under the pleadings here we find no error in the action of the district court and the decision of the district court is hereby affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICE CASTLES, and THE HONORABLE NAT ALLEN,

District Judge, sitting in place of MR. JUSTICE DOYLE, concur.

MR. JUSTICE ADAIR:

I concur in the result, but not in all that is said in the majority opinion.