HORTON, Judge.
Appellant, plaintiff below in a personal •injury action, seeks review of an order ■granting a new trial following the entry .of a jury verdict and judgment in his favor. We affirm.
Subsequent to the final judgment, appel-lees filed a motion for new trial, asserting, inter alia, that the verdict was determined by “aggregation and average or by lot, or ■game of chance or other artifice or improper manner.” Attached to the motion were the affidavits[1] of two jurors in the cause and an affidavit of an insurance adjustor.[2] The affidavits stated that the jurors had agreed to be bound before the average was reached.
Pursuant- to the appellants motion, the trial court re-impanelled the jury for the purpose of interrogating the jurors relative to the method they employed in reaching the verdict. Upon examination by appellant’s counsel, the jurors stated that they did not agree to be bound by the quotient figure, an apparent contradiction to the two earlier-filed affidavits. In any event, their testimony clearly indicated that each agreed to submit a figure on a slip of paper, the result of which was divided by six (the number of jurors) and having so done, a figure of $12,500 was reached. This figure became the amount of the jury’s verdict.
Subsequent to the above examination, the trial' court entered the order appealed which contained the following:
“THIS CAUSE having come on to be heard before me on the Defendants’ Motion for New Trial, and it appearing to the Court that one of the points raised on said Motion is that the verdict was arrived at in a manner contrary to law, and Affidavits having been ■filed to substantiate the same, this *755 Court ordered the jurors who returned the verdict herein to appear before it. At that time, the Court interrogated, and the jurors answered as follows:
“ ‘THE COURT: There is no question hut what the figure returned in the verdict is the result of all the figures divided by six, and that is a fact; you all agree to that?
“ ‘MR. SUTHERLAND: Yes, sir.
“‘MR. NELSON: Yes, sir.
“ ‘MR. ZURKO: Yes, sir.
“‘MR. JOLLEY: Yes, sir.
“ ‘MR. KENMORE NELSON: Yes, sir.
“ ‘MR. WILLIAMS : Yes, sir.
“‘MR. MILTON NELSON: And we all agreed on that figure after it was all determined.’
“It appears ■ to the Court, based on the evidence taken, the Affidavits, and the arguments presented on Motion for New Trial, that there is no alternative except to grant Defendants’ Motion for New Trial on the specific ground that the verdict was arrived at by the jury in an illegal manner, resulting in a prohibited quotient verdict.”
The appellant’s sole ground for reversal is that the' verdict was not a quotient verdict since the essential element of an agreement to be bound by the result of averaging was missing, and the jury used the figure arrived at merely for the purpose of discussion and deliberation. As authority for such proposition, appellant relies on two cases — Orange Belt Railway Company v. Craver, 32 Fla. 28, 13 So. 444; and Marks v. State Road Department, Fla. 1954, 69 So.2d 771.
While it is the general rule that the taking of an average prior to the agreement to be bound is not technically a quotient verdict, Florida apparently departed from this rule in Jackson Grain Company v. Hoskins, Fla.1954, 75 So.2d 306, decided subsequent to the Orange Belt and Marks cases. In the Jackson Grain case, the court condemned a verdict which was reached in substantially the same manner as in the instant case. The evidence in the Jackson Grain case was in sharp conflict and the jury returned a verdict in favor of the plaintiff for $53,500. One of the attorneys for the defendant was successful in obtaining the slips of paper which the jury had used in reaching their verdict. These slips of paper indicated that the jury had arrived at the amount of their verdict in a quotient fashion. Deposed a few days after the trial, one of the jurors stated that there was an agreement before the computation was made that the quotient should constitute the verdict; however, at a later date each jur- or filed an affidavit stating in effect that they had not agreed in advance that the quotient should- be their verdict and that this decision was reached only after considerable discussion and deliberation. Based on these facts, the court recognized the general rule as set forth in the Orange Belt and Marks cases, supra, but went on to say:
“This was an ideal situation for application of the rule that the triers of fact should settle the matter and that this Court should not interfere with the result, if, of course, it was -properly reached.
“The trouble here, and the reason for not invoking the rule, is that the jury decided the matter in a manner we cannot sanction.
******
“In * * * Marks v. State Road Department, supra, we held that to-amount to a quotient verdict the jurors must have agreed before hand that when the sums set down by each were added and then divided ‘by the number of jurors’ the amount thus arrived at would be the amount of the award.
“ ⅜ * * * * *
*756 “If we accept later affidavits and disregard the earlier affidavit of the one juror, the procedure would not fall strictly within the definition of ‘quotient verdict’ hut it remains a significant circumstance to he considered in connection with the method of ‘aggregating” and ‘averaging’ and the propriety of the process used.
“* * * * * *
“We are of the view that the irregular method of setting dotvn figures, dividing them by five, and reporting the results to the court a little more than an hour after retirement is not the approved way of arriving at a verdict * * [Emphasis supplied]
For the above reasons the court reversed the judgment appealed and remanded the cause for a new trial of all the issues.
We are impressed with the similarity of the facts in Jackson Grain, supra, with those of the case sub judice. It is our view that the Jackson Grain case amply illustrates that not only is the so-called technical quotient verdict condemned, hut any such irregular methods of arriving at a verdict as aggregating or averaging for the reason that such verdicts do not represent the independent opinion of each juror and this undermines and circumvents the deliberative process underlying the jury system. See also Magid v. Mozo, Fla.App. 1962, 135 So. 2d 772.
The verdict in the instant case was admittedly reached by the irregular method of aggregating or averaging. This places the verdict squarely within the rule as enunciated in the Jackson Grain case. Accordingly, we hold that the trial court was eminently correct in awarding a new trial and his order is hereby affirmed.
Affirmed.

. The two affidavits were identical and read as follows:
“Before the undersigned authority this day personally appeared GEORGE H. AVILLIAMS, JR., [CECIL J. SUTHERLAND] who being first duly sworn on oath says that he was one of the jurors of the jury who sat in the Circuit Court .of Dade County, Florida, on the week .of April 17th to 18th, 1963, and who adjudicated the case of AVilliam H. Malone against Marks Brothers Paving Co., a Florida corporation, and Sam Corner, and that in arriving at their verdict in the case of each of the above Defendants, the jurors agreed together beforehand •that each would write down a figure which he thought proper as compensation Jor said Plaintiff, and without communi-eating the said amount to one another, would submit such figure to their foreman, who would add up the respective figures given, divide the same by six (6), and the resulting figure would be embodied in and become the verdict and finding of the jury. That such action was taken and such figure arrived at as to the Plaintiff, and without other or further deliberation, the result was written down and rendered as their verdict.”

. Beekner attested that he had visited the home of the jury foreman the night after the verdict had been rendered and procured the affidavits some four days later.