WIGGINTON, Judge.
This appeal is from a final judgment entered upon a jury verdict in an action at law brought by appellant against appellee. It is contended that the trial court erred in denying appellant’s motion for a directed verdict made at the conclusion of the evidence, and renewed after rendition of the jury’s verdict, and in denying appellant’s motion for new trial.
Appellant sued for money claimed to be owed it on account of goods bargained and sold to appellee, together with interest. By his answer appellee denied that he was indebted to appellant in any amount, and counterclaimed for damages alleged to have resulted from a breach of implied warranty covering the goods purchased by him from appellant. The jury rendered its verdict finding that neither appellant nor appellee were entitled to recover on the claims asserted by them, and judgment on the verdict was entered by the trial court.
The evidence adduced by appellant at the trial established withoht substantial conflict the value of the chicken feed and other supplies furnished by appellant to appellee, and for which payment was demanded and refused. In support of his defense of general denial, appellee offered evidence tending to establish an agreement entered into between the parties by which appellee would not be charged nor called upon to pay for the feed delivered to him by appellant unless his egg production increased. Appellee’s proof was to the effect that although he fed his flock the feed delivered to him by appellant, his egg production actually decreased to the extent that he was required to dispose of his flock because of losses in operation. The evidence on this issue was in conflict, but the jury apparently believed appellee’s version of the facts and therefore found that he was not indebted to appellant for the amount claimed by it. Under the state of the evidence revealed by the record the trial court was correct in refusing to grant appellant’s motion for a directed verdict on the case made by his complaint.[1]
Appellant also contends that the trial court erred in refusing to grant his *751 motion for directed verdict on defendant’s counterclaim. This question is moot for the reason that the jury found in appellant’s favor on the counterclaim, so even if the court erred in refusing to grant appellant’s motion for directed verdict on this phase of the litigation, the error would be harmless and no ground for reversal of the judgment appealed.
We have considered the remaining points urged by appellant as grounds for reversal, but find them to be without substantial merit. The granting of a new trial lies within the discretion of the trial court and will not be disturbed in the absence of a showing of abuse.[2] The evidence contained in the record on appeal fails to establish an abuse of discretion by the trial judge in denying appellant’s motion for new trial. The judgment appealed is accordingly affirmed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. Jimarye, Inc. v. Pipkin, (Fla.App.1966) 181 So.2d 669.

. Cloud v. Fallis (Fla.1959) 110 So.2d 669.