201 So.2d 80 (1967)
PIX SHOES OF MIAMI, INC., a Florida Corporation, Appellant,
v.
Elizabeth HOWARTH and Richard Howarth, Her Husband, Appellees.
No. 66-506.
District Court of Appeal of Florida. Third District.
July 11, 1967.
West & Goldman, Miami, for appellant.
Granat, Rosenblatt & Roemer, Joe N. Unger, Miami, for appellees.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
*81 BARKDULL, Judge.
This is a negligence case in which the defendant in the trial court seeks review of an adverse final judgment, entered on a jury verdict, and the denial by the trial judge of certain post-trial motions.
On this appeal, the appellant first contends that the trial judge erred in denying its motion for a directed verdict. Following an examination of the record, we find no merit in this contention. See: Theriault v. Rogers, Fla.App. 1964, 166 So.2d 820; Lloyd v. McKenna, Fla.App. 1965, 179 So.2d 583; Southern Bell Telephone and Telegraph Company v. Linder, Fla.App. 1966, 181 So.2d 697.
The second point presents a somewhat more difficult problem. This relates to the denial by the trial judge of the motion for a new trial, one of the grounds of which was that the jurors had arrived at a "quotient" verdict. Attached to the motion was a statement purported to be an affidavit by the foreman of the jury and another signed by two of the jurors purporting to be theirs, to which was also affixed the signature of another juror. At the time of the hearing on the motion for new trial, three of the jurors [who had affixed their names to the statements] were subpoenaed and brought before the trial judge. Certain of the testimony before him was in conflict and some of it was undisputed. However, the trial judge was authorized to resolve the conflicts in the evidence. See: North v. State, Fla. 1952, 65 So.2d 77; Clary v. Blondel, 178 Iowa 101, 159 N.W. 604; 66 C.J.S. New Trial § 196, pages 465, 470. His ruling arrived in this court with a presumption of correctness. See: Bailey v. Lloyd, Fla. 1953, 62 So.2d 56; Ward v. Hopkins, Fla. 1955, 81 So.2d 493; Fuote v. Maule, Fla.App. 1962, 143 So.2d 563. In order to overturn the trial judge's denial of the motion for new trial, it is incumbent upon the appellant to clearly demonstrate an abuse of discretion. See: Morin v. Halpern, Fla.App. 1962, 139 So.2d 495; Freeman v. Bandlow, Fla.App. 1962, 143 So.2d 547; McDaniel v. Carlson, Fla. App. 1966, 182 So.2d 445.
From the record, it is apparent that the gentlemen who made up the six jurors, who served as the petit jury in the instant case, were accosted the following morning in the Dade County Courthouse [outside of the courtroom of the judge in whose court they had acted as a jury the day before, and after the conclusion of the trial] by an investigator for defense counsel. He indicated to them that he was desirous of interrogating them about the trial as a "routine matter", in order that he might "close his file". Although all six of the jurors were present in the immediate vicinity, the investigator elected to interrogate only four of the six and failed to question the two members of the jury who are of the Negro race. At this interrogation, ostensibly as a "routine matter", the investigator drew two statements on legal cap and presented one first to the foreman of the jury to sign and the second one to the two other jurors [who indicated it was their statement] and the other juror affixed his name to the latter statement although he was not mentioned in the body of the paper. Thereafter, the investigator notarized the statements and delivered them to defense counsel.
At the time of the hearing on the motion for new trial, for reasons that are not made clear in the record, the foreman was not called to testify. One of the three others clearly testified that the verdict was in fact a quotient verdict. Another one, notwithstanding his statement, indicated it was not a quotient verdict and then indicated he did not know how they arrived at the verdict, and the other emphatically said that it was not arrived at by means which would make it a quotient verdict.
We find no error on the part of the trial judge in denying the motion for new trial, in light of the state of the record as it existed before him. Florida has long recognized the rule that quotient verdicts *82 will not be permitted in this State. See: Orange Belt Railway Company v. Craver, 32 Fla. 28, 13 So. 444; Marks v. State Road Department, Fla. 1954, 69 So.2d 771; Jackson Grain Co. v. Hoskins, Fla. 1954, 75 So.2d 306; Magid v. Mozo, Fla.App. 1961, 135 So.2d 772; Malone v. Marks Brothers Paving Co., Fla.App. 1964, 168 So.2d 753. In order to overturn a verdict on this ground, it is necessary to establish by clear and convincing proof that a verdict was in fact arrived at in such fashion as to be a quotient verdict. See: Haarberg v. Schneider, 174 Neb. 334, 117 N.W.2d 796; Archibald v. Kolitz, 26 Utah 226, 72 P. 935. See, also: Great Northern Ry. Co. v. Benjamin, 51 Mont. 167, 149 P. 968. The courts of this State have been reluctant to reverse a trial judge when he has granted a new trial on this ground [see: Malone v. Marks Brothers Paving Co., supra], and have been reluctant to reverse a trial judge when he has denied a new trial on this ground. See: Marks v. State Road Department, supra.
The appellant urges that this court's opinion in Malone v. Marks Brothers Paving Co., supra, requires a reversal of the trial court's order. We do not agree. In the case of Malone v. Marks Brothers Paving Co., supra, this court affirmed a trial judge's granting a motion for new trial on the ground the order there under review was not only entitled to a presumption of correctness, but under the applicable principles of law it takes a stronger showing of error in order to reverse an order granting a new trial than one denying same. See: Cloud v. Fallis, Fla. 1959, 110 So.2d 669; Archibald v. Wittmer, Fla.App. 1960, 120 So.2d 236; Simpson v. Clay, Fla.App. 1962, 139 So.2d 494. Plus, in the case at bar, the evidence before the trial court was not as strong as the evidence before the judge in the case of Malone v. Marks Brothers Paving Co., supra. Here, the so-called affidavits are really nothing more than statements secured without the normal preliminaries to an affidavit, i.e., the persons involved were not informed that they were giving sworn statements; the indication of an oath or affirmation is not contained in the body of the statement; no indication that the persons involved were informed that their statements would be used as an affidavit; no apparent opportunity to consult with others prior to its execution; and no copies were accorded those whose signatures were affixed. At best, only one live witness was before the trial court who testified that the verdict was arrived at by means which would make it a quotient verdict. If this be sufficient to overturn an adverse verdict, as urged by the appellant, then all a losing defense counsel will need to secure a new trial is one juror to claim that the verdict was a quotient verdict.
Examining all the evidence given by the three jurors, it is reasonable to assume that the jury deliberated at least five times as long in determining the amount of damages as they did in determining the liability, and that they had at least four different ballots before arriving at a figure representing the amount of damages which, after discussion, they were all prepared to agree should be awarded to the plaintiff. It is apparent that the trial judge was well within his discretion in denying a motion for a new trial. See: Cloud v. Fallis, supra; Freeman v. Bandlow, supra; McDaniel v. Carlson, supra; Cosby-Hodges Milling Company v. Sheffield, Fla.App. 1966, 183 So.2d 749.
It apparently has become the custom in the Circuit Court in Dade County for certain practitioners, upon the conclusion of a trial, to commence an exhaustive investigation and interrogation of the jury room, the jurors and their reasons for arriving at their verdict. See: Magid v. Mozo, supra; Malone v. Marks Brothers Paving Co., supra. The code of ethics provides that counsel should not accost a juror following a trial, unless "he has reason to believe that ground" for a challenge of the verdict exists and then only after notice to the trial judge and opposing counsel of such intentions, and any such interview should be limited in the scope of its inquiry. See: Canon 23, Code of Ethics Governing Attorneys, *83 31 F.S.A.[1] It appears that in order to escape the prohibition of this code of ethics, counsel have attempted to avoid its effect by having this interrogation or investigation made by their investigators. This should be just as reprehensible if performed by an investigator as if performed by the attorney because, in fact, the investigator is the agent for his principal: the attorney.
Undoubtedly, there are cases where through appropriate means post-trial investigations as to the conduct of the trial should be conducted. But this, it would appear, under Canon 23, Code of Ethics Governing Attorneys, supra, should be with the consent of the trial court or at least with his knowledge.[2] It is difficult enough, in our modern complex society, to secure good jurors. It will be even more difficult if jurors are to be subjected to harassment, investigation and interrogation subsequent to each time they perform their public duty.
Therefore, for the reasons above stated, we find no error in the actions of the trial judge complained of, and the final judgment here under review is hereby affirmed.
Affirmed.
SWANN, Judge (dissenting).
I respectfully dissent from the majority opinion.
The record contains a statement signed by the foreman of the jury which showed that this was a quotient verdict. A statement signed by three other jurors also showed that this was a quotient verdict. See Marks v. State Road Department, Fla. 1954, 69 So.2d 771.
At a hearing before the trial judge on the motion for new trial, three of the aforesaid jurors were subpoenaed and testified concerning the method by which they arrived at the challenged verdict. One of the jurors testified unequivocably that this verdict was arrived at in a manner containing all of the necessary elements to qualify as a quotient verdict.
The testimony of one of the other jurors was inconclusive. The testimony of the third juror was in almost direct contradiction to his previously signed statement. The testimony of both of these jurors admitted that this verdict was arrived at in such a manner as to constitute a quotient verdict, and that all of the necessary elements were present therefor, except for a prior agreement of the jurors to be bound thereby.
Under the authority of Jackson Grain Co. v. Hoskins, Fla. 1954, 75 So.2d 306; Malone v. Marks Brothers Paving Co., Fla.App. 1964, 168 So.2d 753, and Magid v. Mozo, Fla.App. 1962, 135 So.2d 772, I would reverse and remand for a new trial solely on the question of damages.
I concur in all other aspects of the majority opinion.
NOTES
[1] "23. Relations With Jury.

"All attempts to curry favor with juries by fawning, flattery or pretended solicitude for their personal comfort are unprofessional. Suggestions of counsel, looking to the comfort or convenience of jurors, and propositions to dispense with argument, should be made to the Court out of the jury's hearing.
"Both before and during the trial, a lawyer should avoid conversing or otherwise communicating with a juror on any subject, whether pertaining to the case or not. Subject to any limitations imposed by law it is a lawyer's right, after the jury has been discharged, to interview the jurors solely to determine whether their verdict is subject to any legal challenge provided he has reason to believe that ground for such challenge may exist, and further provided that prior to any such interview made by him or under his direction, he shall file in the cause, and deliver a copy to the trial judge and opposing counsel, a notice of intention to interview such juror or jurors setting forth in such notice the name of each such juror. The scope of the interview should be restricted and caution should be used to avoid embarrassment to any juror and to avoid influencing his action in any subsequent jury service." [emphasis added]
[2] In the instant case, defense counsel did not even poll the jury at the time of the rendition of the verdict.