REED, Judge.
The plaintiff-appellant, Nellie Brinson, commenced this action in the Circuit Court for Palm Beach County, Florida, for damages for personal injuries allegedly caused by the defendant’s negligent operation of an automobile. The answer of the defendant-appellee, Helene Weinstein, denied negligence and alleged contributory negligence. The jury returned a plaintiff’s verdict on 31 December 1968 in the amount of $15,-000.00. On 6 January 1969 a final judgment was entered on the verdict. The defendant filed a motion for new trial alleging that the jury reached its verdict in an improper manner. The trial judge entered an order on 31 January 1969 in which he set aside the verdict and granted the motion for a new trial on the ground that the verdict *212 was reached “ * * * by the quotient method”. The issue on appeal is whether the trial court committed error in granting the motion for new trial on that ground.
Shortly after the verdict was rendered and the jurors had left, the trial judge found in the jury room a piece of paper on which the following amounts were written, added, and divided by six: $12,000.00, $15,-000.00, $10,000.00, $10,000.00, $20,000.00, $14,000.00. The paper bore as the result of the division, “$13,500.00”. On 6 January 1969 the foreman of the jury was summoned to the chambers of the trial judge. There, in response to questions by the parties’ attorneys and the trial judge, the foreman testified that after the jury retired to consider its verdict, it immediately concluded that the defendant was liable to the plaintiff. The jurors then discussed the damages, and after some deliberation, each juror listed the amount which he thought was a proper award. The sum of these figures was divided by six thus producing $13,500.00. The foreman identified the paper which the trial judge had previously found as being that on which the calculations were performed.
The foreman testified without equivocation that there was no agreement among the jurors that the result of the averaging process would bind them and the result was looked on as a starting point from which to work. The purpose of writing the figures down, according to the foreman, was to let each juror know “ * * * an average of what everybody was thinking.” The foreman testified that after the averaging was performed, the question of attorney’s fees was discussed among the jurors, and it was stated by one of them that the plaintiff would be required to pay her attorneys out of her award. It was after this that the $15,000.00 figure was agreed upon as a reasonable award. The foreman said this, figure was a compromise unanimously accepted by each juror.
Because the jurors averaged their individual views as a step toward a unanimous verdict, it does not follow that the verdict should be set aside. In the case of Marks v. State Road Department, Fla.1954, 69 So.2d 771, the Florida Supreme Court held that such a technique was proper when employed for the purpose of discussion and deliberation and without an agreement in advance to be bound by the resultant figure.
The trial court in granting the motion for a new trial relied on the case of Malone v. Marks Brothers Paving Co., Fla.App. 1964, 168 So.2d 753 decided by the Third District Court of Appeal. In fairness to the trial judge, we must state that in our opinion the Malone case does support his ruling; however, to the extent that the Malone case condemns any attempt to arrive at a verdict by averaging the individual views of each juror, we think the case is erroneous and should not control the present facts.
In Malone v. Marks Brothers Paving Co., supra, two jurors gave an affidavit that indicated a true “quotient verdict” as defined in Marks v. State Road Department, supra, was reached.[1] Thereafter, in a post-trial hearing, these two jurors changed their testimony and testified — as did the other jurors — that there was no advance agreement to be bound by the result of the averaging. The trial court held that the verdict was improper, set it aside, and granted a new trial. The Third District affirmed on the basis of its conception of the Florida Supreme Court’s decision in Jackson Grain Co. v. Hoskins, Fla.1954, 75 So.2d 306.
We are of the view that the Third District in the Malone case mistakenly applied the Jackson Grain Co. case. The Third District said in the Malone case, with reference to Jackson Grain Co. v. Hoskins:
“ * * * It is our view that the Jackson Grain case amply illustrates that not only is the so-called technical quotient, verdict *213 condemned, but any such irregular methods of arriving at a verdict as aggregating or averaging * * (Emphasis added.)
We think the Third District in the Malone case read into the Jackson Grain Co. opinion a proscription that is not there. In Jackson Grain Co. v. Hoskins the jury arrived at its plaintiff’s award in the following manner. Each of the six jurors submitted a figure. One of the jurors submitted “zero” or “no”. This figure was disregarded and the other five were added and divided by five. The result was the verdict. On the basis of these facts, the Supreme Court reversed the judgment based on the verdict. The result in the Jackson Grain Co. case was compelled, in our opinion, by the fact that the procedure employed by the jurors effectually eliminated one of the six jurors from any participation in the verdict and by the circumstances which gave rise to a strong inference that the verdict was rendered without unanimity. We do not share the Third District’s view that the Supreme Court in the Jackson Grain Co. case intended to abandon its opinion in Marks v. State Road Department, supra, and to entirely proscribe the use of averaging by the jury in its deliberation.
We think that the result of Malone v. Marks Brothers Paving Co., to the extent that it subjects to impeachment any jury verdict arrived at by an averaging technique, imposes an unreasonable burden on jurors and creates the likelihood of multitudinous challenges to jury verdicts in personal injury actions.[2] Considering the indefinite nature of the rules of law which the juries are instructed to follow relating to the measurement of damages and the requirement of a unanimous verdict, it would be nothing short of a miracle if a jury of intelligent people could arrive at a mutually agreeable award without averaging their individual views in some manner. It should not matter whether this averaging process is conducted overtly on a piece of paper or subjectively in the minds of each of the jurymen.
We hold that the facts in the present case do not support a conclusion that a quotient verdict was rendered because (a) there was no agreement among the jurors in advance of the averaging to be bound by the resultant figure; (b) the averaging was merely an aid in the process of deliberation; and (c) the figure ultimately settled on was unanimously accepted by each jur- or as a reasonable award. For these reasons and on the authority of Marks v. State Road Department, supra, we conclude that the conduct of the jury was not improper and its verdict should not have been set aside.
The appellee has mentioned in her brief the fact that after the averaging took place, the jurors discussed the plaintiff’s attorney’s fee and, thereafter, without more, reached the ultimate figure of $15,-000.00. Admittedly there is an inference from these facts that the jury increased the award from $13,500.00 to $15,000.00 to accommodate an attorney’s fee. But even if this were the fact, we do not believe that such may be shown by a juror to impeach his verdict. If so, there will be no end to litigation nor any sanctity to jury verdicts. In Marks v. State Road Department, supra, the Florida Supreme Court approved an opinion by the Supreme Court of Iowa in the case of Wright v. Illinois & Mississippi Telegraph Co., 20 Iowa 195, 210, to the effect that a juror may not by affidavit avoid his verdict by showing any matter which “does essentially inhere in the verdict itself. * * * ” We think that this is a sufficient answer to the implication of the appellee’s brief.
*214 The order granting a new trial and setting aside the verdict is vacated and the cause is remanded to the trial court with instructions to reinstate the judgment based on the jury verdict.
OWEN, J., concurs.
WALDEN, J., dissents, with opinion.

. This is a verdict achieved by averaging the views of all jurors, after an agreement among them to adopt as their verdict the mathematical result.

. We have not overlooked the opinion of the Third District in Pix Shoes of Miami, Inc. v. Howarth, Fla.App.1967, 201 So.2d 80. It appears to us that this decision signals a retreat from the position the court took in Malone v. Marks Brothers Paving Co., Fla.App.1964, 168 So.2d 753.