PER CURIAM.
This is a negligence case in which the plaintiff below seeks reversal of an order for a new trial that resulted from juror testimony indicating that the jury’s verdict had been arrived at by means which would make it a quotient verdict. Because neither party disputes the determination of liability, we reverse the order for a new trial as to liability but affirm the order as to all other issues.
Niebla prevailed against Flying Tigers Line, Inc. for personal injuries he incurred. Following entry of judgment, the defendant filed a motion to recall the jurors to interrogate them, alleging that their decision represented a quotient verdict. The trial judge granted the motion and heard various jurors’ testimony over a period of time. Some jurors testified that they did not agree to be bound by a quotient verdict. Others could not recall such an understanding but some clearly and distinctly testified that the jurors did consent in advance to be bound by a quotient verdict.
The trial judge is authorized to resolve conflicts in the evidence in order to determine whether the jury’s decision is the product of a quotient verdict, and we find we are bound by his determination. Pix Shoes of Miami, Inc. v. Howarth, 201 So.2d 80 (Fla. 3d DCA 1967). The trial judge has broad discretion in ruling on a motion for a new trial, Cloud v. Fallis, 110 So.2d 669 (Fla.1959), and it takes a stronger showing of error in order to reverse an order granting a new trial than an order denying a new trial. Pix Shoes of Miami, 201 So.2d at 82.
In the instant case, the trial court could and did find that there was a preliminary agreement or understanding among *817 the jurors that each would select a figure as representing his opinion of the value of the damage and that the sum of said amounts divided by the number of jurors would be accepted by each as his or her verdict, and was in fact so accepted. It has long been held in this jurisdiction that this is improper and constitutes a ground for new trial. Marks v. State Road Dep’t, 69 So.2d 771 (Fla.1954); Cromarty v. Ford Motor Co., 341 So.2d 507, 509 (Fla.1976).
For this reason, while the jury’s verdict as to liability should be reinstated, the order granting the litigants a new trial as to damages is affirmed. This renders moot the appellee’s cross-appeal which will be cured by the award of a new trial.
AFFIRMED IN PART, REVERSED IN PART.