ROTHENBERG, Judge.
The defendant, Greens to You, Inc.,' a Florida corporation, d/b/a Killian Greens Golf Club (“Killian Greens”), appeals an amended order granting the plaintiffs’, Mike and Omaida Gavelek (collectively “the Gaveleks”), motion for new trial as to liability. As we conclude that the trial court did not abuse its discretion, we affirm.
The Gaveleks filed a negligence action against Killian Greens, seeking damages for injuries sustained by Mike Gavelek while playing golf at Killian Greens Golf Club. Following a trial in July 2004, the jury returned a verdict apportioning seventeen percent of the liability to Killian Greens and eighty-three percent to the Gaveleks. Thereafter, Killian Greens filed a motion for new trial as to liability, arguing, in part, that the jury had reached an illegal quotient verdict. The Gaveleks also filed a motion for new trial on the same basis. Subsequently, Killian Greens withdrew its motion for new trial and filed a response opposing the Gaveleks’ motion for new trial.
The Gaveleks, pursuant to Rule 4-8.5(d)(4), Rules Regulating the Florida Bar,[1] filed a motion seeking the trial court’s permission to interview the jurors. Over Killian Green’s objection, the trial court granted the motion. Three jurors, Yelitza Caridad (“Caridad”), Vilma Sevilla (“Sevilla”), and Ramon Alonso (“Alonso”), were deposed, and their testimony was introduced at the hearing on the Gaveleks’ motion for new trial. The trial court issued an order granting the Gaveleks’ motion for new trial, and thereafter, Killian Greens filed its timely notice of appeal.
This court relinquished jurisdiction to allow the Gaveleks to seek an amended order from the trial court explaining its basis for granting the motion for new trial. On September 8, 2006, the trial court issued an amended order, explaining as follows:
Both parties recognized that the verdict rendered by the jury was a quotient *320 verdict at the time the verdict was returned and the motions were subsequently filed.
[[Image here]]
Upon receiving the motions, the court entered an order allowing the parties to interview the jurors to determine if a quotient verdict was used. Subsequently, the depositions of the jurors were submitted to the court and reviewed by the undersigned. A review of the depositions reveals that all the jurors recalled a process where each one submitted a numerical allocation of liability between the parties. The jury had difficulty agreeing to a result. In order to resolve an impasse the jurors decided to do an averaging and agreed to be bound by it. In the words of one of the jurors “we kind of agreed to disagree.” (Ramon Alonso).
While the recollection and depositions of the jurors varied, the undersigned finds by clear and convincing evidence that the jurors used an averaging process, that in order to avoid an impasse they agreed to disagree and be bound by that averaging. This finding is additionally supported by the percentage of liability as an undisputed l/6th of 100% or the finding of liability by one juror....
The amended order was submitted to this court, and this court reinstated its appellate jurisdiction.
In this appeal, Killian Greens argues that the trial court abused its discretion by granting the Gaveleks’ motion for new trial because the Gaveleks failed to establish by clear and convincing evidence that the jury’s verdict as to liability represented an improper quotient verdict. We disagree.
A trial court’s ruling on a motion for new trial is reviewed by appellate courts for an abuse of discretion, and “it takes a stronger showing of error in order to reverse an order granting a new trial than an order denying a new trial.” Niebla v. Flying Tigers Line, Inc., 533 So.2d 816, 816 (Fla. 3d DCA 1988); see also Pix Shoes of Miami, Inc. v. Howarth, 201 So.2d 80, 81 (Fla. 3d DCA 1967).
In Marks v. State Road Department, 69 So.2d 771, 773 (Fla.1954), the Florida Supreme Court, in addressing quotient verdicts, held as follows:
Quotient verdicts are universally condemned. To constitute a quotient verdict, however, it is essential that there be a preliminary agreement or understanding among the jurors that each will select a figure as representing his opinion of value or damage and that the sum of said amounts divided by the number of jurors will be accepted by each as his or her verdict, and is in fact so accepted. It requires no citation of authority or long dissertation to establish the invalidity of such a verdict or the mischief that would result from a recognition of it. Such verdict would not represent the independent opinion of each juror as the law requires. On the other hand, the courts recognize that compromise, discussions and deliberations are necessary for the determination of questions where minds differ. The use of such figures solely for the purpose of discussion and deliberation is not improper.
Moreover, in Cromarty v. Ford Motor Co., 341 So.2d 507 (Fla.1976), the Florida Supreme Court held:
[I]n order to invalidate a verdict as a quotient verdict, it is insufficient to show merely that the jurors used the quotient process at some stage of their deliberations and that their verdict corresponded exactly or approximately to the amount of the quotient. Rather, it is essential and vital to show that the jurors agreed prior to obtaining the *321 quotient that they would be bound by it and accept it as their verdict.
Id. at 509 (emphasis added).
To overturn a verdict on the ground that it was an improper quotient verdict, the moving party must establish by clear and convincing evidence that the jurors, prior to calculating the quotient figure, agreed to be bound by the figure as them final verdict. See Pix Shoes, 201 So.2d at 82 (“In order to overturn a verdict on [the ground that the verdict was a quotient verdict], it is necessary to establish by clear and convincing proof that a verdict was in fact arrived at in such fashion as to be a quotient verdict.”). Moreover, the trial court “is authorized to resolve conflicts in the evidence in order to determine whether the jury’s decision is the product of a quotient verdict,” and this court is bound by the trial court’s determination. Niebla, 533 So.2d at 816; see also Pix Shoes, 201 So.2d at 80 (holding that where portions of the evidence were in conflict and portions were undisputed, trial court was authorized to resolve factual disputes, and trial court’s ruling arrived at the appellate court with a presumption of correctness).
In the instant case, the depositions of jurors Caridad, Sevilla, and Alonso were introduced at the hearing on the Gaveleks’ motion for new trial. In essence, these jurors testified that after the jury had reached an impasse, each juror submitted a numeric figure representing how he/she would apportion liability between the parties, and that these figures were then averaged. Jurors Caridad and Sevilla testified that, prior to agreeing to this averaging process, the jurors agreed to be bound by the result and to accept it as their final verdict. On the other hand, Juror Alonso testified that although he and the other jurors agreed to conduct the averaging process, the result was “not agreeable to everyone.” Therefore, they continued to deliberate, and eventually they agreed to adjust the figure. Although the testimony conflicted as to whether the jurors had agreed to be bound by the averaging process prior to conducting the process, the trial court, as it is permitted to do, see Niebla, 533 So.2d at 816; Pix Shoes, 201 So.2d at 80, resolved the conflict in favor of the Gaveleks by finding that “[w]hile the recollection and depositions of the jurors varied, the undersigned finds by clear and convincing evidence that the jurors used an averaging process, that in order to avoid an impasse they agreed to disagree and be bound by that averaging.” Therefore, as the trial court found that the Gave-leks established by clear and convincing evidence that the jury entered an improper quotient verdict and this finding is supported by the evidence, the trial court did not abuse its discretion by granting the Gaveleks’ motion for new trial as to liability. Accordingly, we affirm the order under review.
While we affirm the trial court’s order, we note that inquiring into a jury’s “motives and influences by which them deliberations were governed” is against public policy, and that “inquiry is proper only in such cases involving matters extrinsic to the verdict such as arrival at the verdict by lot or quotient....” Kirkland v. Robbins, 385 So.2d 694, 695 (Fla. 5th DCA 1980).
Affirmed.

. Rule 4-3.5(d)(4) provides as follows:
(d) Communication With Jurors. A lawyer shall not:
(4) after dismissal of the 11117 in a case with which the lawyer is connected, initiate communication with or cause another to initiate communication with any juror regarding the trial except to determine whether the verdict may be subject to legal challenge; provided, a lawyer may not interview jurors for this purpose unless the lawyer has reason to believe that grounds for such challenge may exist; and provided further, before conducting any such interview the lawyer must file in the cause a notice of intention to interview setting forth the name of the juror or jurors to be interviewed, A copy of the notice must be delivered to the trial judge and opposing counsel a reasonable time before such interview. The provisions of this rule do not prohibit a lawyer from communicating with members of the venire or jurors in the course of official proceedings or as authorized by court rule or written order of the court.
Moreover, Rule 1.431(h), Florida Rules of Civil Procedure, provides:
Interview of a Juror. A parly who believes that grounds for legal challenge to a verdict exist may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge. The motion shall be served within 10 days after rendition of the verdict unless good cause is shown for the failure to make the motion within that time. The motion shall state the name and address of each juror to be interviewed and the grounds for challenge that the party believes may exist. After notice and hearing, the trial judge shall enter an order denying the motion or permitting the interview. If the interview is permitted, the court may prescribe the place, manner, conditions, and scope of the interview.